SINGER MANUFACTURING COMPANY *v.* ROGERS.

Opinion delivered March 1, 1902.

1. APPEAL—INDISTINCT TRANSCRIPT.—Where a transcript on appeal is so blurred and indistinct that it can with difficulty be read, the appellant will be ordered to file a new transcript. (Page 385.)

2. NEW TRIAL—WEIGHT OF EVIDENCE.—A new trial will be granted where the verdict of the jury is so clearly and palpably against the weight of evidence as to shock the sense of justice of a reasonable person. (Page 386.)

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

*C. F. Greenlee,* for appellant.

The verdict is so plainly against the evidence as to shock one's sense of justice, and should be reversed. 21 Ark. 468; 24 Ark. 224; 13 Ark. 71; 8 Ark. 155; 10 Ark. 309; 2 Ark. 360; 5 Ark. 407; 6 Ark. 86; *ib.* 428; 10 Ark. 138, 491; *id.* 638; 26 Ark. 309; 39 Ark. 491; 34 Ark. 640; 57 Ark. 468.

RIDDICK, J. This is an appeal from the Monroe circuit court. The appellee filed no brief, and the case was submitted on the brief of the appellant only. The main ground on which the appellant relies for a reversal is that the evidence is not sufficient to support the verdict, but the typewritten transcript of the record which appellant has filed here is such a blurred and indistinct copy that the evidence cannot be read without some trouble, nor without more or less strain on the eyes. If we knew that a simple remonstrance would stop clerks from sending such transcripts here in the future, we would put up with this transcript, and only call attention to the defect in disposing of the case, but we have tried this with little or no effect. It is not infrequent that clerks send up just such blurred and indistinct copies of the record as the one in this case. As they are required to file only one copy of the record, we know of no reason why they should not send here a first copy, which has not been blurred by the taking of other copies from it.

To consider evidence presented in the shape that this record presents it is inconvenient and annoying, and tends to delay. For this reason we feel justified in refusing to consider the record in its present shape, and therefore order that appellant file another copy of the transcript within thirty days, or its appeal will be dismissed.

[An amended transcript having been filed, the following opinion was delivered April 26, 1902.]

RIDDICK, J.    J. D. Rogers, of Brinkley, Arkansas, was in 1894 employed by the Singer Manufacturing Company to act as its agent in the matter of selling machines and collecting the price thereof. He entered into a contract with the company for that purpose, and executed a bond in the sum of $500 for the faithful performance of his duties. Rogers acted as agent of the company for two or three years, when he was discharged or quit the business. Afterwards the company brought this action against him to recover the sum of $306.56, which sum it alleged was due from Rogers for moneys collected and machines sold and for other matters set out in the complaint. Rogers filed an answer denying that he was due the company the sum named in the complaint, but alleged that the company was due and owing to him the sum of $104.15, for which amount he asked judgment. On the trial there was a verdict in favor of defendant for the sum of $76.85, and judgment accordingly. The company appealed.

We have carefully examined the evidence in this case, and our conclusion is that the judgment against the company is clearly and palpably wrong. Granting that Rogers was entitled to a reasonable sum for taking up and returning machines outside of his territory, yet we think it is clearly shown by his own reports to the company and other conclusive testimony that he owed the company more than sufficient to cover any amount due from the company to him, and that he was entitled to no judgment against the company. The rule established in this court is that, even where there may be some conflict in the evidence, a new trial will be granted where the verdict is so clearly and palpably against the weight of evidence as to shock the sense of justice of a reasonable person; and the evidence here, we think, calls for this application of this rule. *Oliver* v. *State,* 34 Ark. 632; *Calvert* v. *Stone,* 10 Ark. 492.

We think the circuit court should have sustained the motion for a new trial on the ground that the evidence does not support

the verdict.   As the case must be retried, we will not set out or discuss the evidence further.

Reversed and remanded for new trial.