COLEMAN v. UTLEY.

Opinion delivered April 17, 1922.

JUDGMENT—RIGHT TO JUDGMENT NOTWITHSTANDING VERDICT.—Where the undisputed evidence showed that plaintiff was entitled to a certain amount if he was entitled to recover anything, verdict for a lesser amount was arbitrary, and it was error to deny plaintiff's motion for judgment for the full amount.

Appeal from Howard Circuit Court; *A. P. Steel,* special Judge; reversed.

*W. P. Feazel,* for appellant.

The court erred in denying appellant's motion for judgment. C. & M. Dig., § 6273; 100 Ark. 47; 133 Ark. 221. A new trial should have been granted. A new trial will be granted where the verdict is clearly against the evidence. 2 Ark. 360; 70 Ark. 385; 34 Ark. 632; 103 Ark. 370.

*D. B. Sain,* for appellees.

The motion for new trial should have been overruled. 100 Ark. 629; 122 Ark. 100; 76 Ark. 115; 74 Ark. 478.

Where plaintiff voluntarily goes to trial without an answer being filed, he cannot make objection for the first time in this court. 109 Ark. 69; 112 Ark. 332.

HUMPHREYS, J. Appellant instituted suit against appellees in the Howard Circuit Court to recover $282.90 for advances alleged to have been made by appellant to appellee John Graham to enable him to produce a crop on lands rented to him by appellant. It was alleged that, after the major part of the crop had been planted, appellee John Graham sold the crop to appellee, A. F. Utley, by and with the consent of appellant, the consideration being that A. F. Utley should pay all of Graham's indebtedness to appellant on account of advances made to make said crop. Appellee A. F. Utley filed an answer, admitting that he purchased the crop by and with the consent of appellant, with the understanding that he would pay Graham's indebtedness to appellant on account of advances made to plant the crop, upon condition that John Graham would stay on the place and help produce the crop; that, after remaining two or three weeks, said Graham refused to further assist in the cultivation of the crop and moved off the place. The cause was submitted to a jury upon the pleadings and evidence, which resulted in a verdict in favor of appellant for $141.45. Thereupon appellant moved for a judgment for $255.90, notwithstanding the verdict, on the ground

that under the undisputed evidence appellant was entitled
to recover that amount. Over the objection and excep-
tion of appellant, the court overruled the motion and ren-
dered judgment in accordance with the verdict, from
which an appeal has been duly prosecuted to this court.

The record reflects that appellant rented and was
residing upon the farm of Dr. Toland in the year 1920;
that he rented a part of the land to appellee John Gra-
ham on which to plant corn and cotton; that after plant-
ing all of the corn and a part of the cotton he sold the
crop, with appellant's consent, to appellee A. F. Utley. At
the time the sale was made appellant had made advances
to appellee Graham in the total amount of $282.90, all of
which was used in planting the crop, except $27 fur-
nished to Graham for a wedding suit. The evidence in-
troduced by appellant tended to show that the considera-
tion for the purchase of the crop was the absolute as-
sumption by A. F. Utley of Graham's indebtedness to
appellant on account of advances made by appellant to
plant the crop. The evidence introduced by appellee Ut-
ley tended to show that he assumed the indebtedness of
Graham for said advances on condition that Graham
would remain upon the place and assist in the cultivation
of the crop; that he refused to render this assistance and
moved away from the farm.

Appellant insists that it was the duty of the court
to declare as a matter of law upon the record in the
case that he was entitled to recover the sum of $255.90,
notwithstanding the verdict of the jury to the effect that
he was entitled to recover only $141.45. This insistence
of appellant is based upon the fact that the verdict of
the jury settled the only controverted question of fact in
favor of appellant, which finding necessarily entitled
plaintiff to a judgment for the full amount of the
advances made and used in planting the crop. The un-
contradicted testimony revealed that appellant had ad-
vanced Graham, at the time he sold the crop to Utley,
$255.90, which was used in planting the crop. The only
dispute in the testimony was whether at the time of the

purchase Utley assumed the payment of the amount so advanced absolutely or conditionally. The theory of appellant was that he assumed the payment absolutely, and that of appellee Utley was that he assumed the payment conditionally, and that the condition failed. The cause was submitted to the jury upon each theory, and the finding of the jury in favor of appellant in any sum was necessarily a settlement of the disputed fact in favor of appellant, and against appellee Utley. The finding in favor of appellant in an amount less than the amount advanced was therefore an arbitrary finding. The verdict, as to the amount, was necessarily without any evidence to support it, as the undisputed evidence showed appellant was entitled to the whole amount advanced for the purpose of planting the crop or to nothing. In this state of the record it was the duty of the court to sustain the motion filed by appellant and render a judgment upon the undisputed facts disclosed by the record for the full amount of the advances made to plant the crop, notwithstanding the verdict of the jury for a less amount. *Collier* v. *Newport Water, &c., Co.,* 100 Ark. 47; *Scharff Distilling Co.* v. *Dennis,* 113 Ark. 221.

The judgment is therefore reversed, and judgment directed to be entered here for $255.90 in favor of appellant.