WASHA *v.* HARRIS.

Opinion delivered December 22, 1924.

1. CONTRACTS—FAILURE OF CONSIDERATION—JURY QUESTION.—In an action on a note in which defendant testified that it was given in consideration of a guaranty that a well drilled for the maker would furnish a certain flow of water per minute, and that, while the test showed a fulfilment of the guaranty, the well never again flowed as guaranteed, whether the consideration for the note failed *held* for the jury.

2. APPEAL AND ERROR—CONFLICT OF TESTIMONY—CONCLUSIVENESS OF VERDICT.—Where the testimony would support a verdict either way, the jury's verdict will be treated as conclusive on appeal.

3. APPEAL AND ERROR—WHEN INSTRUCTION HARMLESS.—In an action on a note given in consideration of a guaranty that a well drilled for the maker would furnish a certain flow of water during 1920, an instruction that there was no breach of guaranty if the well produced the required amount in 1920 or at a later date *held* not prejudicial to the plaintiff.

4. TRIAL—SPECIFIC OBJECTION TO INSTRUCTION.—A specific objection should be taken to an instruction which was as capable of a construction favorable to appellant as of an unfavorable one.

5. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict that is supported by evidence will not be set aside because it is not consistent with the theory of either side.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark*, Judge; affirmed.

*Chas. A. Walls*, for appellant.

*Gregory & Holtzendorff* and *Cooper Thweatt*, for appellee.

Failure of consideration is a valid defense to an action on a promissory note. 22 C. J. 1164; 118 Ark. 548; 105 Ark. 281. The remarks of the court, appearing after the second instruction requested by appellee, were favorable to the appellant, and he therefore cannot complain that they were erroneous. 86 Ark. 26; 88 Ark. 99; 109 Ark. 72. Instructions which it was thought to be susceptible of construction as an expression of opinion of the court as to the facts in the case should have been met by specific objections. 111 Ark. 196, 203; 110 Ark. 117, 120. The testimony shows damages suffered by appellee in excess of the face of the note, and this is not even disputed by appellant. Appellee is therefore entitled to recoup in this action the damages suffered by reason of the breach of guaranty or warranty. 81 Ark. 550; 53 Ark. 159; 23 S. W. 707 (Ark.).

SMITH, J. Appellant Washa brought this suit to recover on a note dated May 14, 1921, for $1,102.50, executed by appellee Harris to the order of Krumpen Machine Company, and indorsed by the payee, "without recourse," to appellant.

Harris owned a rice farm, and, on July 21, 1919, contracted with Washa to drill a well to irrigate his land, for the contract price of $4,000, of which $3,000 was to be paid in cash upon the completion of the well and the balance of a thousand dollars one year thereafter. There was a guaranty that the well would furnish a flow of a thousand gallons of water per minute, and the contract provided that, if the well did not furnish this amount of water, Washa should, within five days, remedy the trouble, and, failing to do so, should drill another well, and, if the second well also failed to furnish the guaranteed amount of water, the cash payment should be returned.

The well was completed in November, 1919, and the latter part of that year or the first part of 1920 Harris paid Washa the $3,000 in cash and executed two notes of $500 each for the balance. The well was used in irrigating the 1920 crop, and the testimony shows that it did not furnish the guaranteed quantity of water, as a result of which fact Harris lost a considerable part of that year's crop.

The contract contained a provision as to what the measure of damages should be in the event the well failed to furnish the guaranteed amount of water; but we need not consider this provision, as it is unimportant on this appeal.

Washa was engaged in drilling wells, and bought the material used by him for that purpose from the Krumpen Machine Company, and he bought from that company the material used in drilling the well in question.

On May 14, 1921, Mr. Krumpen, of the Krumpen Machine Company, Washa and Harris met to test the well, a weir was put in, and the test was made. According to Washa, the test then made showed a flow of slightly more than a thousand gallons per minute, and Harris accepted the well, and, in payment thereof, executed the note in suit, and included in the note a year's interest then due on the two five-hundred-dollar notes which evidenced the balance of the thousand dollars due on the well, and the price of a pulley amounting to $42.50. This note was made payable to the Krumpen Machine Company, because Washa was indebted to that company for supplies which he had used in drilling the well in question and other wells. Later Washa drilled wells for the machine company, and the note was then indorsed over to him.

The testimony is in irreconcilable conflict as to the purpose for which the note was given. Harris testified that Krumpen was anxious to close the matter up, and, on behalf of his company, guaranteed that the well would thereafter flow a thousand gallons per minute, and the note was executed in consideration of this guaranty.

Harris admitted that the well was made to flow practically a thousand gallons during the test, but he says this result was accomplished only by speeding the engine up to its highest capacity, a speed which could not be maintained, and that the well never again was made to flow as guaranteed. Harris further testified that he offered to give a check in payment of the pulley, but Krumpen said, ''No, include it in the note,'' and that Krumpen accepted the note in consideration of his express guaranty that the well would thereafter meet the contract requirement.

Washa testified that he offered to drill a new well, but Harris stated that he preferred to keep the old one, although it did not meet the guaranty, because he had placed his engine, and did not wish to incur the expense of moving it. Harris denied this, and testified that he requested that a new well be drilled, but Washa said he was unable to do so, as he did not have the money. .

Harris denied liability on the note, and filed a counterclaim in which he prayed judgment for the $3,000 cash which he had paid.

Numerous exceptions were saved to the giving and to the refusal to give instructions, and, upon the submission of the case to the jury, the following verdict was returned: ''We, the jury, find a verdict in favor of defendant, with the understanding that none of the $3,000 be refunded to the defendant.'' A judgment was rendered in accordance with this verdict, and Washa has appealed.

It is insisted that this verdict was not responsive to the testimony offered by either side, and that the jury should have found for the plaintiff the amount of the note, or have found for the defendant the amount of cash paid on the well.

Appellant insists that a verdict should have been directed in his favor, for the reason that the note sued on. was based on the original notes executed in 1920 for the balance of a thousand dollars due on the well, and in further consideration of the satisfactory test made on

the date the note was executed, and that no promise on the part of Krumpen entered into the consideration. But, as we have said, the testimony is in sharp dispute on this question. Harris testified that he declined to execute the note until Krumpen, acting for his company, guaranteed the well, and that this guaranty was the consideration for the note, without which he would then and there have demanded the return of the money he had paid. If this testimony is true, it made an issue for the jury whether the consideration for the note had failed. It is true the machine company is not a party to this suit, but, if Harris' testimony is true, Washa was fully advised of the circumstances under which and the consideration for which the note was executed, and it was to Washa himself that the $3,000 cash had been paid.

The instructions given submitted to the jury the question whether there had been a test and acceptance of the well, and, as the testimony would have supported a verdict either way on that question, we must treat the verdict of the jury as decisive of the fact that the well had not been accepted as complying with the contract specifications.

The court submitted the question of the well's capacity to the jury in an instruction which recited that Washa had warranted the well he was to drill would produce a thousand gallons of water per minute, during the pumping season of 1920, and he told the jury that "if you find that said well did not produce that amount of water in 1920 or at any later date, then the plaintiff has breached his warranty * * *." And the instruction further declared the law as follows: "So, if you find that said well did not produce 1,000 gallons of water in 1920, and that plaintiff did not, after 1920, cause it to produce said required amount of water, * * *" to find for the defendant on that issue.

It is insisted that this instruction is erroneous because the guaranty related only to the capacity of the well during the year 1920. It is true the guaranty applied to the capacity of the well during 1920 only; but we do

not think the instruction was erroneous on that account. In fact, as we read this instruction, the jury was told that there was no breach of the guaranty if the well produced the required amount of water in 1920 or at a later date, the court evidently having in mind the test made in 1921, and, as thus construed, the instruction was not unfavorable to appellant. If it was thought that the instruction imposed that requirement, that the well flow a thousand gallons per minute during 1920 and should continue to do so thereafter, a specific objection should have been made, as we think the court did not intend to so construe the contract of guaranty.

An unnecesary number of instructions were given in the case, but, when they are considered as a whole, we think they impose the requirement on appellee to show that the consideration for the note had failed, and to sustain this defense he was required to show (1) that the well did not flow a thousand gallons per minute during 1920, and was not later made to do so; (2) that there was no complete settlement of the controversy between the parties which was consummated and evidenced by the execution of the note in suit; and (3) that this note had been executed in consideration of the guaranty of the payee of the note that the well would thereafter comply with the specification of the construction contract, which the well had previously failed to meet.

It must be conceded that the verdict does not appear to be consistent with either theory of the case; but we cannot say that it is unsupported by the testimony. The testimony in Harris' behalf would have supported a verdict for the entire amount in controversy, except the price of the pulley, which was only $42.50, which would, of course, have included the $3,000 paid in cash, yet the verdict of the jury included only so much of the $3,000 as was necessary to extinguish the note and the price of the pulley, and we will not therefore disturb the verdict, because the jury's finding on the facts against appellant sustains the verdict, and would support a larger recovery

against him than the mere extinguishment of the note. *McGough* v. *State*, 119 Ark. 57.

Appellant insists that he is at least entitled to judgment for the price of the pulley, as this was a separate transaction. It is true the price of the pulley was due directly to the machine company, and was included in the note in suit, but Washa became owner of this note by the indorsement of it to him, and the jury found by their verdict that he was not entitled to recover anything at all.

There was a cross-appeal, but appellee appears to be content to have the judgment affirmed, and, as no prejudicial error appears, it is so ordered.