### CHANEY *v.* MISSOURI PACIFIC RAILROAD COMPANY.

### Opinion delivered January 12, 1925.

1.  JUDGMENT—TIME FOR FILING MOTION FOR JUDGMENT.—In an action in which special statutory damages are recoverable in addition to wages due, a motion for judgment therefor, notwithstanding verdict for wages due, must be made before judgment is entered on the verdict.

2.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—While a trial court may grant a new trial if the verdict is against the weight of the evidence, the Supreme Court may not, unless the evidence against the verdict is practically conclusive.

Appeal from Pike Circuit Court; *B. E. Isbell,* Judge; affirmed.

#### STATEMENT OF FACTS.

This was an action by D. O. Chaney to recover the sum of $25, alleged to be due him for wages, and the penalty provided by § 7125 of Crawford & Moses' Digest. Chaney recovered judgment before a justice of the peace, and the Missouri Pacific Railroad Company appealed to the circuit court.

D. O. Chaney was a witness for himself. According to his testimony, he was hired to work as night guard

for the Missouri Pacific Railroad Company in North Little Rock, Arkansas. He was to receive $5 per day, and worked from the 27th day of August to the 9th day of September in 1922. He was discharged by the agent of the company who employed him, and his wages were not paid to him. He directed his wages to be sent to him at Delight, Arkansas, which was the station on the defendant's line of railroad nearest to him. About the first of October, 1922, Chaney went back to Little Rock with some prisoners. He again applied to the railroad company for his wages, and was told that a check for the amount had been sent to the station agent at Delight, Arkansas. On the 23rd day of September, 1922, Chaney went to the station agent at Delight and demanded payment of his wages. He again requested them to send his wages to Delight, Arkansas, and, after his return home, again made demand of the station agent for his wages, and was refused payment. The present suit was filed before a justice of the peace on October 26, 1922.

Other witnesses corroborated the testimony of Chaney, and it was proved by them that the check for his wages was not received by the station agent at Delight until the 27th day of November, 1922.

According to the evidence for the defendant, the check for the wages of the plaintiff was received by the agent at Little Rock on September 11, 1922, and, if the plaintiff had called at the office, it would have been delivered to him. The plaintiff did not request that the check be sent to Delight, Arkansas, until October 2, 1922.

The jury returned a verdict for the plaintiff in the sum of $50, and judgment was entered upon the verdict. Thereupon the plaintiff filed a motion for judgment in the sum of $300, notwithstanding the verdict. The circuit court denied the motion, and the case is here on appeal.

*T. W. Rountree* and *W. T. Kidd*, for appellant.

Upon his discharge and the failure to pay his wages until seven days appellant was entitled to recover as penalty, wages at the rate specified up to the time he was

finally paid. Section 7125, C. & M. Digest. Such recovery is also allowed by 58 Ark. 408; 70 Ark. 226; 55 Ark. 547; 106 Ark. 74. It was error to deny judgment for less than the full amount. 153 Ark. 233; 100 Ark. 47; 113 Ark. 221.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellee.

Appellant should have asked for judgment for penalty before the entry of judgment on the verdict. 44 Ark. 265; 15 R. C. L. 608, No. 47; 142 Mo. 283; 45 Am. Dec. 280; 70 Wash. 210; 44 L. R. A. (N. S.) 338; 32 Ky. L. R. 791; 122 Ky. 413; 11 Ky. L. Rep. 607; 64 Minn. 136; 101 N. W. 1124; 24 Oh. Cir. Ct. 714. Relief is sought by appellant under § 6271, C. & M. Digest, but, in construing this statute, § 6272-75 must also be considered. All acts *in pari materia* are to be taken together, as if they were one law. 3 Ark. 556; 5 Ark. 349; 45 Ark. 387; 60 Ark. 124; 151 Ark. 428; 23 Ark. 304. That the common-law rule as to time for such motion was embodied and intended to be embodied in the statutes is clearly shown by the opinion in 100 Ark. 47. See also 113 Ark. 221. Under the instruction asked by appellant, the verdict was right. 116 Ark. 514; 95 Ark. 214.

HART, J., (after stating the facts). At common law, judgment notwithstanding the verdict could only be granted before judgment was entered upon the verdict, and the motion was based upon the record proper alone. The granting or denying the motion therefore depended upon the pleadings, but it is claimed that, by judical relaxation of this rule in this State, if the evidence is undisputed, and shows as a matter of law that judgment should be granted, the court will grant the judgment notwithstanding a verdict in favor of the other party. *Scharff Distilling Co.* v. *Dennis,* 113 Ark. 221, and *Coleman* v. *Utley,* 153 Ark. 233.

Reliance is placed by counsel for the plaintiff upon § 6275 of C. & M. Digest, providing that, where special damages are given by statute, and it appears by the verdict of the jury that such special damages are recoverable, the court shall render judgment for them. We do

not deem it necessary to decide whether or not this statute is applicable to cases of this sort. Even if it should be held applicable, the statutory damages must have been asked for before judgment was entered upon the verdict of the jury. In the instant case the motion was not made until after judgment was entered upon the verdict of the jury, and it was therefore too late, even if the statute is applicable.

We now come to the question of whether a new trial should have been granted under the general rules of practice. This cannot be done by the appellate court unless the evidence is practically conclusive against the verdict. It is the duty of the circuit court to grant a new trial where it is of the opinion that the verdict of the jury is contrary to the weight of the evidence.

On the other hand, it is the duty of this court to uphold the verdict if there is any evidence to sustain the verdict under any view of the law applicable to the case. *St. L. S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428. Now it cannot be said that the undisputed evidence showed that the plaintiff was entitled to a verdict of $300. There was no dispute between the parties as to the amount of wages due the plaintiff and as to the fact that he was discharged by the defendant without being paid; but there was a sharp conflict in the evidence as to whether he asked for his wages to be sent to Delight, Arkansas, at the time he was discharged from the employment of the defendant. It is true that he so testified and that his testimony was corroborated by that of other witnesses. On the other hand, the witnesses for the railroad company testified that he made no such request, and that the money was in due time sent to the station agent at North Little Rock, where the services were performed by the plaintiff, and that his wages would have been paid him if he had come there and requested payment. In other words, it appears from the testimony introduced by the defendant that he was not entitled to the penalty or statutory damages provided by § 6275 of Crawford & Moses' Digest.

The circuit court denied the plaintiff's motion for a new trial, and, for aught we know, may have done so on the ground that the weight of the evidence showed that the plaintiff was not entitled to recover anything except the amount of the wages due him. In this view of the matter it could not have made any difference that the jury returned a verdict for the plaintiff in an amount greater than his wages; for this was a matter which did not work to his prejudice and of which he could not complain.

It follows that the judgment of the circuit court must be affirmed.