## CHALFANT v. HARALSON.

Opinion delivered February 27, 1928.

1. TRIAL—PROVINCE OF JURY.—Questions as to the credibility of witnesses and the weight of testimony are within the province of the jury.

2. NEW TRIAL—VERDICT CONTRARY TO EVIDENCE.—The trial court should set aside a verdict and grant a new trial where it is of the opinion that the verdict is contrary to the evidence.

3. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The Supreme Court will uphold a verdict sustained by substantial testimony where the circuit court has approved the verdict by refusing to grant a new trial on the ground that the verdict is contrary to the evidence.

4. FRAUDS, STATUTE OF—PURCHASE OF AUTOMOBILE.—Evidence *held* to sustain a verdict in favor of the buyer of an automobile who denied making an oral agreement to buy and denied that he had received it within the meaning of the statute of frauds.

5. FRAUDS, STATUTE OF—VERBAL PURCHASE OF AUTOMOBILE.—An instruction that, if there was an agreed price and the alleged buyer or his agent received the automobile, the jury should find for the

seller for the purchase price, was properly modified by inserting the word "actually" before the word "received" where the buyer relied on the statute of frauds.

6. Frauds, statute of—receipt of goods.—Crawford & Moses' Dig., § 4864, providing that certain contracts for the sale of goods shall not be binding unless a note or memorandum is signed by the party to be charged, or the buyer accepts part of the goods so sold and "actually" receives same or gives something in earnest or part payment, the word "actually" used in the statute means that the buyer shall, in fact, receive the goods alleged·to be bought by him.

7. Trial—repetition of instructions.—It was not error to refuse to multiply instructions on the same point or to give instructions on the same subject in varying form.

Appeal from Woodruff Circuit Court, Northern District; *W. D. Davenport,* Judge; affirmed.

### STATEMENT OF FACTS.

E. J. Chalfant sued John Penn Haralson to recover the sum of $1,200 alleged to be due him for the purchase price of a Buick automobile. The defendant denied that the plaintiff sold and delivered to him a Buick automobile, and also pleaded the statute of frauds.

According to the testimony of E. J. Chalfant, on May 2, 1925, he sold and delivered to the defendant, John Penn Haralson, a Buick automobile for the sum of $1,200. On the night before there had been a collision between a Buick automobile belonging to E. J. Chalfant, and driven by his nineteen-year-old son, and a car driven by the defendant, John Penn Haralson. On the next morning after the collision the plaintiff met the defendant on the street, and the defendant referred to the collision between the cars, and told the plaintiff that he did not want to blame his boy, but wanted to assume the fault. The car of the plaintiff was wrecked in the collision, and the defendant told him that he wanted to buy him another car. The plaintiff replied that he had had six months' service out of the car, and that, if the defendant thought the car was worth it, he would sell it to him for $1,200. The defendant agreed to this, and told the plaintiff that he would bring him a check for $1,200 at twelve o'clock on

that day. This was $257.45 less than the original price of the car. The defendant said that he would send Robert Buchanan, an owner of a garage, out to the scene of the accident, and get the car for him. Other witnesses for the plaintiff tended to corroborate his testimony, and to show that the defendant took possession of the car, through Robert Buchanan, under the sale, and left it in his garage.

According to the testimony of the defendant, John Penn Haralson, he did not agree to buy the car from the plaintiff, and the car was never delivered to him. He admitted talking to the plaintiff about the accident, and that the plaintiff had told him that, if he would give him $1,200 for the car, he might have it. The defendant told him that he would go home and think the matter over. After doing so, he decided not to accept the proposition of the plaintiff, and did not do so. The car was never delivered to the defendant nor to any one for him.

The jury returned a verdict in favor of the defendant, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*J. F. Summers,* for appellant.

*Elmo CarlLee,* for appellee.

HART, C. J., (after stating the facts). The principal ground relied upon for a reversal of the judgment is that the verdict is so clearly against the weight of the evidence as to shock the sense of justice of a reasonable person, and that the case is controlled by the rule of law announced in *Oliver* v. *State,* 34 Ark. 632, and *Singer Manufacturing Co.* v. *Rogers,* 70 Ark. 385, 67 S. W. 75, 68 S. W. 153. In so far as it might be said that these cases sustain a holding that this court will set aside the verdict of a jury where there is any substantial evidence to sustain it, they are against the current of decisions in this State and are contrary to the long-settled rule of this court on the subject.

The subject has been discussed at length by this court, and no useful purpose could be accomplished by again going over the same ground. Our Constitution provides that judges shall not charge juries with regard to matters of fact, but that they shall declare the law.

Hence it is within the peculiar province of the jury to pass upon the credibility of the witnesses and the weight to be given to their testimony. It has been held repeatedly to be the duty of the trial court to set aside a verdict and grant a new trial where it is of the opinion that the verdict of the jury is contrary to the weight of the evidence. On the other hand, after the jury has weighed the evidence and the circuit court has given its approval to the judgment by refusing to grant a new trial on the ground that the verdict is contrary to the evidence, it is the duty of this court to uphold the verdict where there is any testimony of a substantial character to support it.

The testimony of the defendant was of a matter about which he claimed to have personal knowledge. He testified in definite terms that he did not agree to buy the automobile in question from the plaintiff, and that the same was not delivered to him or to any one for him. His testimony related to matters which might or might not have occurred, according to the truth or falsity of his testimony. His testimony therefore was evidence of a substantial character, and, if believed by the jury, was sufficient to warrant a verdict in his favor. *Catlett* v. *Railway Co.,* 57 Ark. 461, 21 S. W. 1062, 38 Am. St. Rep. 254; *St. Louis Southwestern Ry. Co.* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768; *Chaney* v. *Mo. Pac. Rd. Co.,* 167 Ark. 172, 267 S. W. 564; *St. Louis-San Francisco Rd. Co.* v. *Pearson,* 170 Ark. 842, 281 S. W. 910; *Mo. Pac. Rd. Co.* v. *Barry,* 172 Ark. 729, 290 S. W. 942. Numerous other decisions might be cited in support of this view of the law, but this court has so long and so uniformly adhered to the rule that we do not deem further citations necessary.

It is next insisted that the court erred in modifying and giving as modified instruction No. 1, which reads as follows:

"The question submitted for your consideration is whether there was a sale of the car in question by plaintiff, E. J. Chalfant, to the defendant, John P. Haralson. To constitute a sale there must have been an agreed price

between the plaintiff and the defendant, and, if you find there was an agreed price, and the defendant or his agent or agents, if you find there was an agency, actually received the car, you should find for the plaintiff.''

The particular objection to the instruction is the use of the words ''actually received the car.'' There was no error in modifying the instruction to insert the word ''actually'' before the words ''received the car.'' The defendant had pleaded the statute of frauds contained in § 4864 of Crawford & Moses' Digest, which reads as follows:

''No contract for sale of goods, wares and merchandise, for the price of thirty dollars or upward, shall be binding on the parties, unless, first, there be some note or memorandum signed by the party to be charged (a); or second, the purchaser shall accept a part of the goods so sold and actually receive same (b); or third, shall give something in earnest to bind the bargain, or in part payment thereof (c).''

That part of the section applicable to this case was whether the defendant actually received the automobile, and the court was evidently applying the language of the statute so as to present a concrete case to the jury. No objection was made to the action of the court in reading the section of the Digest in question to the jury. The word ''actually'' as used in the statute simply means that the purchaser shall in fact receive the goods alleged to have been purchased by him. Hence we do not think the objection to the instruction is well taken, and are of the opinion that it is a correct declaration of law as applied to the facts in the case at bar.

It is next insisted that the court erred in refusing to give instructions Nos. 2 and 3, which read as follows:

''No. 2. To constitute a delivery it is not necessary that any particular thing be done by either of the parties, but any act on the part of the plaintiff by which he relinquished control over the car in question, coupled with an acceptance of control by defendant, would amount to a delivery.

"No. 3. On the question of delivery, you are instructed that delivery is a question of intention of the parties, the one to deliver and the other to accept, as manifested by overt acts, and a sale would be complete, if you find there was a sale, or rather an agreed price between the parties, where any act was done which was intended by the parties as a delivery by the one and an acceptance by the other."

In addition to instruction No. 1, the court gave instruction No. 4, which reads as follows:

"You are instructed that the defendant could receive the car by agent as well as in person, and, if the defendant actually received the car, you should find for the plaintiff."

The court, on its own motion, also instructed the jury as follows:

"You are instructed that, before the plaintiff can recover in this case, he must show that a delivery was made on the part of the plaintiff and that an actual acceptance was made on the part of the defendant, and you are to consider any and all facts and circumstances proved in this case in arriving at the intentions of the parties to this suit."

It will be observed that the respective theories of the parties to this suit were fully and fairly submitted to the jury in the instructions given by the court, and, under the settled rules of this court, the trial court is not required to multiply instructions on the same point or to give instructions on the same subject in varying form. The issues of fact in this case were simple, and the evidence was in direct and irreconcilable conflict. The case was submitted to the jury under instructions fully giving the respective theories of the parties, and, under our settled rules of practice, we cannot disturb the verdict of the jury.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.