COLUM *v*. IMBODEN.

4—2571

Opinion delivered May 30, 1932.

*Edward Gordon*, for appellant.

*J. W. Johnston* and *Carroll W. Johnston*, for appellee.

BUTLER, J. This is a suit to recover the purchase price of a bill of material amounting to $118.51, alleged to have been sold by appellee to appellant, who defended upon the ground that the material had not been sold to him, and that he had not agreed to pay for it. Appellee testified, and he was corroborated in this testimony by other witnesses, that he sold the building material to appellant, but had delivered it, at appellant's direction, to W. S. Birt, who testified that the lumber had been sold to him and upon his credit, and that Colum did not buy it or agree to pay for it.

This issue of fact was submitted to the jury, and is concluded by the verdict of the jury in appellee's favor.

The defendant asked an instruction, which the court refused to give, reading as follows: "No. 1. The jury are instructed that no contract for the sale of goods, wares and merchandise for the price of $30 or upward shall be binding upon the parties unless first, there be

some note or memorandum signed by the party to be charged; or second, the purchaser shall accept a part of the goods so sold and actually receive the same; or third, shall give something in earnest to bind the bargain or in part payment thereof.''

This instruction is, of course, a correct declaration of the law; indeed, it is a copy of § 4864, Crawford & Moses' Digest, but no error was committed in refusing to give it, for the reason that the instruction is not applicable to the controlling issue of fact. According to the undisputed evidence, there was a sale, pursuant to which there was an actual delivery of the goods sold, and the material was used for the purpose for which it was bought. *Chalfant* v. *Haralson,* 176 Ark. 375, 3 S. W. (2d) 38.

The controlling question in the case is the one of fact: To whom was the sale made? The plaintiff did not contend that he sold the material to Birt upon Colum's promise to see the debt paid. A contract of sale of that character could not be enforced against Colum unless the agreement to pay Birt's debt had been evidenced by a writing signed by Colum. Section 4862, Crawford & Moses' Digest. It is unnecessary to review any of the numerous cases which have construed this statute and defined the difference between original and collateral promises. The plaintiff's testimony was to the effect that Colum and Birt came together to his place of business; that he did not know Birt, and that no credit was extended to him; that he did know Colum and knew him to be responsible, and made the sale directly to Colum, and charged the material, at the time of the sale, to Colum, and made no charge against Birt. It is true the material was delivered to Birt, but plaintiff testified that this was done pursuant to the contract of sale and under Colum's direction. If this was true, the sale was to Colum, and the statute of frauds does not apply. As we have said, this issue of fact was submitted to the jury, and is controlled by the verdict returned in the case in appellee's favor.

The judgment must be affirmed, and it is so ordered.