LARIMORE *v.* HOWELL.

4-8047                                     199 S. W. 2d 320

Opinion delivered February 3, 1947.

*Claude Duty,* for appellant.

*Vol T. Lindsey,* for appellee.

ED F. McFADDIN, Justice. The refusal of the circuit court to grant appellant's motion for judgment notwithstanding the verdict is the basis of this appeal. Appellant filed action against appellee in the justice of the peace court for $150 claimed as earned real estate commission. There was a written complaint and a written answer, which latter was a general denial. From a plaintiff's judgment in the justice of the peace court there was appeal to the circuit court, and trial *de novo* to a jury. The defense was, that the contract relied upon by appellant had been materially changed, thereby releasing appellee from all liability. Neither side asked for an instructed verdict, and the case was submitted to the jury for a general verdict on instructions not complained of here.

The jury returned a general verdict for appellant for $1. Before entry of judgment on the verdict, appellant filed motion for judgment notwithstanding the verdict for the full amount of $150, claiming: (1) that under the evidence the amount of the recovery was not in issue; (2) that, if the plaintiff was entitled to any amount, he was entitled to the full amount claimed; and (3) that, since the jury found for the plaintiff for $1, therefore the court should enter a judgment *non obstante veredicto* for plaintiff for $150. The circuit court denied the said motion for judgment *non obstante veredicto,* and gave appellant 30 days in which to prepare, tender and file his bill of exceptions. The appellant never filed a motion for new trial; and appellee here moves for affirmance because of the absence of any motion for new trial.

We, therefore, have for decision, whether, in this case, it was necessary to file a motion for new trial in the lower court in order to challenge here the order of

the circuit court (1) refusing the appellant's motion for judgment *non obstante veredicto*, and (2) entering a judgment in accordance with the verdict of the jury. We make reference to 33 C. J. 1177, *et seq.*, and 30 Am. Juris. 844, *et seq.*, for the benefit of those who desire to study: (1) the common-law practice regarding motion *non obstante veredicto;* (2) the absorption of the *motion in arrest of judgment* by the motion *non obstante veredicto;* (3) the original idea that the motion *non obstante veredicto* was granted only to the party entitled to such relief on the face of the pleadings; and (4) how the consideration of the *evidence* gradually crept into the picture. These matters are all interesting, but not vital to this case.

We have many cases in Arkansas regarding motion for judgment *non obstante veredicto.* Some of these cases are: *Collier* v. *Newport Water Light & Power Co.,* 100 Ark. 47, 139 S. W. 635, Ann. Cas. 1913D, 458; *Scharff Distilling Co.* v. *Dennis,* 113 Ark. 221, 168 S. W. 141; *Coleman* v. *Utley,* 153 Ark. 233, 240 S. W. 10; *Jackson* v. *Carter,* 169 Ark. 1154, 278 S. W. 32; *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49; *Moore* v. *Rogers Wholesale Grocery Co.,* 177 Ark. 993, 8 S. W. 2d 457; *Oil Fields Corp.* v. *Cubage,* 180 Ark. 1018, 24 S. W. 2d 328; *McGuire* v. *Robertson,* 182 Ark. 759, 32 S. W. 2d 624; *Stanton* v. *Arkansas Democrat Co.,* 194 Ark. 135, 106 S. W. 2d 584. To discuss each of these cases, or to attempt to differentiate each statement therein, would unduly prolong this opinion. But, here are some of the rules which may be deduced from these cases, as they interpret and apply §§ 8227-8229, inclusive, Pope's Digest:

(A) When it appears from the face of the pleadings that either side is entitled to a judgment thereon, then the party so entitled may have a judgment notwithstanding the verdict; and on appeal to this court in such case, there need be no motion for new trial filed in the lower court; because the question presented here is one based entirely on the record, *i.e.,* the pleadings.

(B) But when the motion for judgment notwithstanding the verdict is asked because of matters claimed to appear in the evidence—as distinct from the pleadings—then the party who seeks to invoke the jurisdiction of this court must first have filed a motion for new trial in the lower court.

Applying these principles to the case at bar: (1) the appellant was not entitled to a judgment on the face of the pleadings, because there was a complaint and a general denial; (2) the appellant's claim for relief is based on matters that appear in the evidence; and (3) since there was no motion for new trial in the lower court, there is therefore no question presented to this court for decision.

Appellant says that in each of the cases of *Coleman* v. *Utley, supra,* and *Jackson* v. *Carter, supra,* this court considered, and decided on the merits, the motion for judgment *non obstante veredicto* without reciting that a motion for new trial had been filed in the lower court; and appellant cites these cases as authority for his position in the case at bar. But we have examined the original transcript in each of the cases last cited, and find that there was a motion for new trial in each case. In the case at bar the transcript shows no motion for new trial, so the cases relied on by the appellant do not support him.

Cases from other states afford the appellant no support, because such cases arose under statutes and court rules different from our own. In 3 C. J. 984 the text reads: "A motion for new trial is not a condition precedent to the right to review denial of a motion for judgment notwithstanding the verdict." But this quoted text is based on the North Dakota case of *Satterlee* v. *Modern Brotherhood of America,* 15 N. D. 92, 106 N. W. 561; and a study of that case shows that the North Dakota rules of practice are different from ours. For instance, the opinion recites, that in North Dakota it is not necessary to present a motion for new trial in the lower court in order to argue in the Supreme Court the action for the

trial court in granting or denying an instructed verdict. In Arkansas such a motion for new trial is necessary.

Likewise, in 4 C. J. S. 825, the text states: ". . . a motion for new trial is not a condition precedent to the right to review denial of a motion for judgment notwithstanding the verdict."

The quoted text is based on two Colorado cases, being *Fincher* v. *Bosworth,* 76 Colo. 69, 230 Pac. 596; and *Armstrong* v. *Gresham,* 70 Colo. 502, 202 Pac. 706. A study of each of these cases convinces us that the Supreme Court of Colorado was discussing errors that appeared on the face of the record, rather than errors that occurred in the course of the trial.

Coming back to the case at bar: Since the appellant was not entitled to a motion *non obstante veredicto* on the face of the pleadings, and since the evidence presented a sharp question of liability *vel non,* and since there is no motion for new trial in the record, therefore, the judgment of the circuit court is in all things affirmed.