ABRAHAM *v.* TURNER.

4-8955                                223 S. W. 2d 830 ·

Opinion delivered October 31, 1949.

*Marcus Evrard,* for appellant.

*Claude F. Cooper,* for appellee.

ED. F. McFADDIN, Justice. This is an action on account for services rendered. Appellant, Abraham, orally employed appellee, Turner, to pump the fluid from appellant's cesspool. Appellee and his helper used a motor and other equipment, and worked from 7:30 a. m. until 11:00 p. m. before completing the work. The parties were unable to agree on a settlement. Appellee sued for $880 and testified that, at the time of the employment, appellant agreed to pay $1.00 per barrel for the emptying of the cesspool. Appellant testified that no definite price was stated, and claimed that he owed appellee only $87.50 for the work done. The case was submitted to a jury under instructions admitted to be correct. The jury returned a verdict for appellee for $200. Appellant claims the verdict is excessive; and that is the only question on this appeal.

*Washa* v. *Harris,* 167 Ark. 186, 266 S. W. 944, was an action *ex contractu* (as here); and, in discussing the jury verdict, we said:

"It must be conceded that the verdict does not appear to be consistent with either theory of the case;[1] but we cannot say that it is unsupported by the testimony . . . and we will not disturb the verdict, because the jury's finding on the facts against appellant sustains the verdict, and would support a larger recovery against him. . . ."

---

[1] That is, either appellant's or appellee's theory.

See, also, *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49, and *Larimore* v. *Howell,* 211 Ark. 63, 199 S. W. 2d 320.

In the case at bar, if the jury had given full effect to the testimony of appellee and his witness, the verdict could have been for $880. If the jury had given full effect to the testimony of appellant and his witness, the verdict could have been for only $87.50. Under our system of justice it is the province of the jury to pass on disputed questions of fact; and—following the holding in the above-quoted case—we will not disturb the verdict in this case.

Affirmed.