618

Larry WINTERS et al *v.*
Austin BARR

77-428                                          566 S.W. 2d 745

Opinion delivered June 12, 1978
(Division I)

*Lohnes T. Tiner,* for appellants.

*John R. Henry,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, as the purchaser, brought suit against the manufacturer and the seller of a remote-control garage door, which the complaint alleged to have been worthless. The complaint alleged

damages of $910, and the plaintiff so testified, without contradiction. The case was tried before the late Judge John S. Mosby, who submitted to the jury only the issue of liability. That is, the form of verdict was as follows:

We, the Jury, find for the Plaintiff.

_____
Foreman

We, the Jury, find for the Defendants.

_____
Foreman

Nine members of the jury signed the verdict in favor of the plaintiff. Judge Mosby accepted the verdict, stated that it was in proper form, and discharged the jury. After Judge Mosby's death Judge Harrison, another judge of the same court, entered a nunc pro tunc judgment in favor of the plaintiff for $910. This appeal is from that judgment.

Upon the particular facts of the case Judge Harrison was right in entering judgment, although the words "nunc pro tunc" were surplusage. Ordinarily, it is true, the jury must assess the amount of the recovery. Ark. Stat. Ann. § 27-1742 (Repl. 1962). Here, however, the only inference to be drawn is that the parties at least tacitly agreed to submit the single issue of liability, the amount of damages being undisputed (except in the sense that a party's testimony is not regarded as undisputed). The court's instructions submitted the issue of liability only, with no reference to the amount of the plaintiff's possible recovery. The verdict form submitted only the issue of liability. The defendants offered no additional instructions, made no objections to the instructions that were given, made no objection to the form of verdict, and made no objection to the court's acceptance of the verdict and discharge of the jury. No reasonable conclusion is possible except that the parties agreed by their conduct, if not in so many words, that the issue of liability was the only controverted question. Judge Harrison was therefore right in entering the judgment that Judge Mosby would undoubtedly

have entered if he had lived. See *City of Fort Smith* v. *France*, 250 Ark. 294, 465 S.W. 2d 315 (1971). The defendants have had a fair trial upon the only disputed issue and are not entitled to a second trial.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.