96

## ARKANSAS BLUE CROSS AND BLUE SHIELD
### *v.* Phyllis REMAGEN

CA 88-25                                         752 S.W.2d 284

Court of Appeals of Arkansas
Division II
Opinion delivered June 29, 1988

*Walters Law Firm, P.A.*, by: *Bill Walters*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Wyman R. Wade, Jr.*, for appellee.

MELVIN MAYFIELD, Judge. Appellant, Arkansas Blue Cross and Blue Shield, appeals a decision of the Sebastian County Circuit Court holding it liable to appellee for $1,564.81 hospital and medical bills plus costs, penalty and attorney's fees, under a health and hospitalization insurance policy.

In December, 1984, appellee had breast enlargement surgery. In August, 1985, she developed redness and tenderness in her left breast. Appellee's plastic surgeon, Dr. E. F. Still, testified that she gave him a history of being bitten by an insect while on a camping trip but at that time he could not tell whether the problem was caused by an infected insect bite or a rupture of the "capsule inside—not the implant, but the scar capsule around it." He said the symptoms were consistent with an insect bite. On September 5, 1985, Dr. Still performed surgery, but, he testified, he still could not determine the cause of the problem. He said the most plausible cause was an insect bite, that the abscess had drained, that his normal charge for "lysising the capsule from scar tissue" was $1,450.00, but he had charged appellee only $180.00, "the normal charge for opening and draining a complicated abscess."

Upon submission of the hospital and doctor bills for the surgery, appellant, Arkansas Blue Cross and Blue Shield, refused to pay, stating that the surgery was excluded from coverage under appellee's policy because it was cosmetic; "performed due to

complications arising from prior augmentation mammoplasty."
Appellee filed a complaint against appellant for $1,763.02 plus
attorney's fees and penalty, pursuant to Ark. Stat. Ann. § 66-
3238 (Repl. 1980) [Ark. Code Ann. § 23-79-208 (1987)]. In
answers to interrogatories and requests for admission, appellant
admitted that appellee owned a valid policy of health insurance;
that the premiums were paid up to date; that it had refused to
cover the surgical and hospital bills; and that its only basis for
denying the claim was that it contended the surgery was cosmetic
in nature, and, therefore, excluded from coverage under the
appellee's policy. In answers to interrogatories appellant also
admitted that if appellee's claim had not been denied its liability
on appellee's September 5, 1985, surgery would be: Crawford
County Memorial Hospital, $1,227.21; Dr. Grimes, $193.60; and
Dr. Still, $144.00; or a total of $1,564.81. Thereafter, appellee
filed an amended complaint praying for actual damages of
$1,564.81.

At the trial Irvin Pate, the Senior Claims Director for
Arkansas Blue Cross and Blue Shield, testified that a claim passes
through four levels of review before finally being denied. The
claim is first examined by a clerk. If it is rejected it is then referred
to the Utilization Review Division, a group of registered nurses; if
they determine the claim is to be denied, it is then sent to a
Medical Director for a third level of review. If he denies the claim,
there is a fourth level of review called the Medical Services
Review Committee, composed of thirty physicians from many
specialties, who review disputed claims and make the final
decision. Pate explained that appellee's insurance policy ex-
cluded from coverage any reconstructive or cosmetic surgery and
any complications from cosmetic surgery, and that her claim had
been rejected by the Medical Services Review Committee as
being cosmetic. On cross-examination Pate testified that if it had
been determined that Blue Cross and Blue Shield was liable for
appellee's medical bills on this claim, considering deductibles and
other exclusions Blue Cross and Blue Shield would have paid
$1,564.81.

Appellee testified that her husband had first noticed that it
looked like she had been bitten on the left breast by a spider. She
said it was a red, purplish, infected looking area consistent with
spider bites she had suffered in the past.

Leona Kennedy, Dr. Still's surgical nurse, testified that when she first observed it, appellee's left breast was quite red and there was a little pinpoint area where you could assume some type of insect had bitten her. Ms. Kennedy said it resembled insect bites she had seen in the past. She also testified that she assisted Dr. Still with appellee's surgery and that the infection was not inside the breast. She said no new implant was placed in appellee's breast; the original implant was returned.

The jury found for appellee and she was granted judgment against appellant for $1,564.81 plus costs, 12% penalty and attorney's fees as authorized by Ark. Stat. Ann. § 66-3238 (Repl. 1980). Arkansas Blue Cross and Blue Shield has appealed that verdict contending (1) that the court erred in allowing appellee's requested jury instruction number 12, which stated in part: "You must find for Ms. Remagen in the amount of $1,564.81"; (2) that the award of attorneys fees in the sum of $3,870.00 was excessive; and (3) that the court erred in submitting a verdict form to the jury which specified the amount of damages the jury was to award the appellee. As arguments (1) and (3) are essentially identical, they will be discussed together.

Appellant argues it was error to instruct the jury that if it found in favor of appellee it "must find for Ms. Remagen in the amount of $1,564.81" because its answers to the requests for admission, which were introduced into evidence, did not specify the amount which would have been due and payable if appellant was liable on the claim and the interrogatories which did specify this amount of liability on the claim were not introduced into evidence. Appellant contends that by so instructing the jury the judge made a factual decision and thus erroneously invaded the province of the jury.

The record shows that counsel for appellee, in Ms. Remagen's case in chief, called as her witness Irvin Pate, the Senior Claims Director for appellant and that he testified that Blue Cross and Blue Shield's liability on the claim, if eligible, would be $1,564.81. Although it is ordinarily the province of the jury to assess the amount of recovery, *see, Winters* v. *Barr*, 263 Ark. 618, 566 S.W.2d 745 (1978), where the amount of damages is undisputed it is not error for the court to give the jury a binding instruction which assumes as true matters which are established

by the undisputed evidence. *See St. Louis, I. M. & S. Ry. Co.* v. *Burrow*, 89 Ark. 178, 116 S.W. 198 (1909). *See also, Coleman* v. *Utley*, 153 Ark. 233, 240 S.W. 10 (1922), in which the court held that where the undisputed evidence showed that the plaintiff was entitled to a certain amount if he was entitled to recover anything, a verdict for a lesser amount was arbitrary, and it was error for the court to deny the plaintiff's motion for judgment for the full amount. *See also, Chaney* v. *Missouri Pacific Railroad Co.*, 167 Ark. 172, 267 S.W. 564 (1925).

■ We think appellee placed in evidence sufficient evidence to warrant the binding instruction to the jury that if it found in her favor, (in other words, if it found that the plaintiff's surgery was medically necessary and not merely cosmetic and that, therefore, Blue Cross and Blue Shield was liable for the plaintiff's medical bills) it should award the plaintiff the sum of $1,564.81. At the same time the jury was also instructed that it could find for the defendant (in other words, that Blue Cross and Blue Shield had no liability because the surgery was cosmetic and, therefore, excluded from coverage by the terms of the insurance policy). We find no error in the giving of these instructions.

■ Next appellant argues that the court erred in allowing appellee an attorney's fee. Ark. Stat. Ann. § 66-3238 (Repl. 1980), [Ark. Code Ann. § 23-79-208 (1987)], provides that if a loss occurs, and after demand has been made, the insurance company fails to pay the claim within the time specified in the policy, the insurance company "shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve percent (12%) damages upon the amount of such loss, together with all reasonable attorney's fee . . . ." Appellant contends that because appellee's health insurance was a group contract between it and Rhodes Chevrolet of Van Buren, Arkansas, appellee was not the "holder of the policy" and, therefore, not entitled to the twelve percent penalty and attorney's fee. Appellant cites no authority and no real argument supporting its position. We do not consider on appeal matters unsupported by authority or convincing argument. *Harrison* v. *Benton State Bank*, 6 Ark. App. 355, 642 S.W.2d 331 (1982). Furthermore, the record does not indicate that this argument was presented to the trial court for its consideration and we do not consider issues which are raised for the first time on appeal. *Bull*

v. *Brantner*, 10 Ark. App. 229, 662 S.W.2d 476 (1984).

Appellant also argues that the $3,870.00 attorney's fee awarded was excessive. In support of this position appellant lists eleven cases and compares the percentage of attorney's fee awarded with the amount recovered and concludes that the average amount awarded was 23% and the maximum allowed was 41%. Appellant then contends that the fee allowed in the instant case should not have exceeded 41% of the recovery or $641.57. Appellee has filed a cross-appeal alleging that her attorney should have been granted the amount requested, $4,917.30. Appellee points out that although it was appellant who forced this matter to trial when it had no legitimate defense to appellee's claim, it was still necessary for her counsel to spend many hours in preparation for trial in order to prevail. She insists her attorney has documented 51.60 hours spent in preparing her case and he is entitled to his regular fee of $85.00 an hour, plus expenses.

In *Equitable Life Assurance Society* v. *Rummell*, 257 Ark. 90, 514 S.W.2d 224 (1974), the Arkansas Supreme Court considered a similar situation. It said:

> The purpose of the statute is to permit an insured to obtain the services of a competent attorney and the amount of the allowance should be such that well prepared attorneys will not avoid this class of litigation or fail to devote sufficient time for thorough preparation. *Old Republic Insurance Co.* v. *Alexander*, 245 Ark. 1029, 436 S.W.2d 829. It is contemplated that the allowance should not be a speculative or contingent fee but that it be such a fee as would be reasonable for a litigant to pay his attorney for prosecuting such a case. *Old Republic Insurance Co.* v. *Alexander*, supra.

257 Ark. 91-92. This court relied on the *Rummell* case in *Southall* v. *Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 283 Ark. 335, 676 S.W.2d 228 (1984), when we stated:

> The Legislature, not the courts, enacted Ark. Stat. Ann. § 66-3238 (Repl. 1980) providing for an award of a reasonable attorney's fee against an insurer who wrongfully refuses to pay under an insurance policy. Our task is

102

simply to carry out this legislative command. The computation of allowable attorneys' fees under the statute is governed by familiar principles. These factors include the experience and ability of the attorney and the time and work required of him, the amount involved in the case and the results obtained, the fee customarily charged in the locality for similar legal services and whether the fee is fixed or contingent.

283 Ark. at 337. The award of an attorney's fee is a matter for the sound discretion of the trial court and in the absence of abuse, its judgment will be sustained on appeal. *Southhall*, 283 Ark. at 338. We cannot say the trial court abused its discretion in its award of the attorney's fee in this case.

Affirmed.

COULSON and JENNINGS, JJ., agree.