SCHARFF DISTILLING COMPANY *v.* DENNIS.

Opinion delivered June 1, 1914.

1. JUDGMENTS—PLEADINGS.—A party is entitled to judgment under Kirby's Digest, § 6244, when the statements in the pleadings show him entitled thereto, and where plaintiff in his complaint set out his right to certain property under an alleged sale and transfer to him from one L., and in reply denied defendant's challenge of his right thereto, it is error for the court to set aside a verdict in plaintiff's favor, and enter a judgment in favor of defendant. (Page 225.)

2. JUDGMENT NON OBSTANTE VERDICTO—GROUNDS FOR.—To justify a judgment *non obstante verdicto*, not based solely on the pleadings or as disclosed by the record proper, the testimony justifying such verdict would have to be undisputed, so that the court might declare, as a matter of law, that the party in whose favor the judgment was entered was entitled to it, notwithstanding the verdict in favor of the other party. (Page 225.)

3. TRIAL—UNCONTRADICTED TESTIMONY—DIRECTED VERDICT.—Where the evidence developed at a trial is not uncontradicted, it is improper to declare, as a matter of law, that one party is entitled to a verdict. (Page 226.)

4. SALES—INSOLVENCY OF VENDOR—NOTICE.—When appellant claims title to personal property under a sale from one L., who was later adjudged a bankrupt, it is a question for the jury to determine whether appellant had knowledge of the facts, so as to put him on knowledge that L. was insolvent. (Page 226.)

5. SALES—INTENTION—QUESTION FOR JURY.—It is a question for the jury whether the parties to a contract of sale intended to make a sale and as to whether the same was completed. (Page 226.)

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

E. R. Lyman, in January, 1913, was engaged in the retail liquor business in Mena. He bought a large part of his stock from the appellant, and on the 6th of May, 1913, he was indebted to appellant in the sum of $733.89. Appellant sent its agent to Mena to collect this balance due on account. Appellant's agent saw Lyman on the 6th of May, and Lyman told him that he was in trouble and did not have the money to pay him, but he said: "I have got your goods there." They agreed that plaintiff should have the goods that it had previously sold to Lyman in satisfaction of the debt due from Lyman to appellant. The testimony of appellant's agent was to the effect that the goods, which consisted of barrels, cases and kegs of whiskey, brandy, etc., were separated from the other goods of Lyman's stock. Some of the cases that had been broken were recased. But before the goods were taken away Lyman's brother came in and wanted the agent to leave the case goods and take some other goods in the place of them, and when the agent went back Lyman's brother refused to deliver the goods. When the goods that appellant had sold were being separated from the other goods in his stock Lyman took a piece of paper and put the articles and amount down, and put the barrels on one side to separate them from the other goods. This list was turned over to the agent and the goods were handled by Lyman and the porter, who placed them by themselves in the north part of the room. The agent did not go down to get the goods but to collect the money. He did not know that Lyman was indebted to other parties, and did not know that he was in financial trouble. Lyman said he was short of money and therefore would let appellant have the goods. Appellant preferred the money to the goods, but directed its agent to take the goods if he could not get the money. The agent did not make any inquiry of Lyman as to what he owed.

The above are substantially the facts upon which plaintiff (appellant) brought suit against Lyman to recover certain articles of personal property, consisting of barrels and cases of whiskey, wine, etc.  G. B. Dennis, the appellee, who had been appointed as trustee in bankruptcy for the estate of E. R. Lyman, on motion, was substituted as defendant in the cause, and answered, denying the allegations of the complaint; denying that appellant was the owner of the goods or that same had ever been delivered to appellant in satisfaction of the debt due it by Lyman, and set up that on the 16th of May, 1913, Lyman was adjudged a bankrupt under the acts of Congress relating to bankruptcy, and that appellant knew at the time it attempted to take the goods and at the time of the institution of the suit that Lyman was a bankrupt; that the attempted transfer and sale of the property in controversy was not four months prior to the filing of the petition in bankruptcy, and was made while Lyman was insolvent, and that appellant was put on notice that Lyman was insolvent, and that the attempted sale and transfer of the property in controversy was a preference in favor of appellant.

The appellant denied that it knew at the time of the alleged sale and transfer of the goods and at the time the suit was filed that Lyman was a bankrupt, and denied that Lyman was insolvent at that time; denied that it was put on inquiry that would have led to knowledge of such insolvency.

The appellant adduced evidence tending to prove that while appellant's agent was in Lyman's place of business looking over and selecting the goods and rolling them around he was notified that a petition in bankruptcy was being prepared for Mr. Lyman.  The petition was prepared and filed on May 16.  There was testimony tending to show that at the time of the alleged sale and transfer of the goods in controversy Lyman was insolvent.

The court instructed the jury, among other things, that if they believed from a preponderance of the evi-

dence that Lyman agreed to return the goods described in the complaint and that said goods were separated from the balance of the stock and that they agreed that Scharff & Co. take the goods, and that the price at which they were to be taken was agreed upon that this would be a sale and delivery of the goods. It further told the jury that if Lyman, at the time of the alleged sale, was insolvent, and that the agent of plaintiff knew or had reason to believe that he was insolvent, that the sale would be void, and that plaintiff would not be entitled to recover.

The jury returned a verdict in favor of the plaintiff.

The defendant filed a motion setting up that the evidence did not authorize a judgment upon the verdict to be entered against him, and that the evidence showed that the result of the transaction between the plaintiff's agent and Lyman, the bankrupt, amounted to a preference in favor of the plaintiff, and therefore he prayed the court not to enter judgment against the defendant and that judgment be entered in his favor against the plaintiff for the value of the property in controversy, notwithstanding the verdict in plaintiff's favor. The court sustained the motion, set aside the verdict and entered judgment for the defendant, from which this appeal has been duly prosecuted.

*Bernard Greenfelder* and *W. Prickett,* for appellant; *Thos. W. Clark,* of counsel.

1. The court erred in setting aside the verdict and rendering judgment *non obstante veredicto* in favor of appellee. 23 Cyc. 778; Kirby's Dig., § 6244; 6 Ark. 264; 17 *Id.* 84; 99 *Id.* 376; 100 *Id.* 52; 11 Enc. Pl. & Pr. 917; 17 Ark. 84; 86 *Id.* 570; 88 *Id.* 107.

*Elmer J. Lundy,* for appellee.

1. Kirby's Dig., § 6242, virtually settles the point of the court's authority to set aside a verdict and enter judgment. *Ib.,* § 6244. The cases cited by appellant were decided under the common law rule and not applicable now.

2. This court always affirms where the judgment is right on the whole record, although the court committed

error.    60 Ark. 508; 62 *Id.* 228; 64 *Id.* 236; 57 *Id.* 242; 46 *Id.* 542; 43 *Id.* 296; 44 *Id.* 556; 73 *Id.* 604.

3.    Appellant knew that Lyman had failed to meet his bills in due course of business.    This put him on inquiry.    5 Fed. 287; 18 Wall. 635; 17 *Id.* 473; 1 Loveland on Bankruptcy, 1010; 189 Fed. 295; 196 U. S. 502.

WOOD, J., (after stating the facts).    After setting aside the verdict, which was in favor of the appellant (plaintiff below), the court erred in entering judgment, notwithstanding the verdict, in favor of the appellee. There is nothing on the face of the pleadings to warrant the court in rendering a judgment in appellee's favor.

The appellant, who was the plaintiff below, claimed the property by an alleged sale and transfer of the same to it by Lyman, which it set up in its complaint, and in its reply denied the allegations of the appellee's answer which challenged the appellant's alleged right and title to the property.    It could not be said, therefore, that the appellee was entitled to have judgment entered in his favor under section 6244 of Kirby's Digest, which provides that, ''Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so entered by the court, though a verdict has been found against such party.''

The ruling of the trial court, however, in not entering a judgment in accordance with the verdict and in setting aside the verdict, was tantamount to reserving the cause for future consideration under the provision of section 6242 of Kirby's Digest.    We need not determine whether the court, under the latter section, would be authorized to enter a judgment *non obstante veredicto,* for if there could be any warrant for such a judgment, not based solely upon matters appearing in the pleadings or as disclosed by the record proper, the testimony justifying such verdict would have to be undisputed so that the court might declare as matter of law that the party in whose favor the judgment was entered was entitled to it, notwithstanding the verdict in favor of the other party.

Therefore, without deciding whether a judgment *non obstante veredicto* could be entered upon undisputed evidence, it suffices to say that the evidence developed at the trial in this cause is not uncontradicted and did not justify the court in declaring as a matter of law that the appellee was entitled to recover. Without entering into detail in discussing the evidence, we are of the opinion that it was a question for the jury to determine as to whether or not Lyman was insolvent at the time of the alleged transfer of the goods in controversy to appellant, and as to whether or not appellant knew or had notice of such facts as to put it upon inquiry which would have discovered the insolvency of Lyman, if he was insolvent. The court, having set aside the verdict, instead of entering judgment for the appellee, should have sent the cause to the jury to again pass upon the issues of fact involved, that is, as to whether or not there had been a completed sale of the property between Lyman and appellant by any agreement to that effect and a delivery of the goods in controversy, and as to whether or not Lyman was insolvent, and whether appellant knew, or had notice of such facts as to make it chargeable with knowledge, of Lyman's insolvency, if he was insolvent.

In view of another trial it is proper to say that the instruction in regard to the delivery was erroneous. The court should not have assumed that the facts recited in the instruction on the question of delivery constituted a delivery, but should have told the jury to consider these facts in determining whether or not there was a delivery of the property. As to whether or not there had been a contract of sale and a delivery so as to render the sale complete was a question of intention between appellant and Lyman and the jury should have been directed to determine from the evidence as to whether or not it was the intention of the parties to make the sale and whether or not they did complete it by a delivery of the goods in controversy. *Elgin* v. *Barker,* 106 Ark. 482.

For the error in entering a judgment in favor of the appellee the judgment is reversed and the cause remanded for a new trial.