STANTON *v.* ARKANSAS DEMOCRAT COMPANY.

4-4674

Opinion delivered May 31, 1937.

*Coulter & Dodds,* for appellant.
*Carmichael & Hendricks,* for appellee.

Smith, J. Appellant, a minor, who sues by his mother as his next friend, was a carrier engaged in delivering newspapers for the Arkansas Democrat Company —a corporation—the publisher of an afternoon newspaper. He alleged in his complaint that he requested Mr. Casey, the circulation manager, "to give him a statement to a certain subscriber of the Democrat instructing said subscriber that this plaintiff was entitled to collect a portion of a bill due by said subscriber," and he was directed by Mr. Casey to apply to W. T. Crutchfield, another employee of the corporation, for the statement. He went to Crutchfield, "who was in charge of the carriers of said newspaper and requested the aforesaid statement. Thereupon the plaintiff was ordered out of the place by defendant Crutchfield. Plaintiff did not leave immediately, and defendant Crutchfield attacked him," causing him to suffer serious and painful injuries, to compensate which he sued both Crutchfield and the corporation. Separate answers were filed denying all the allegations of the complaint.

At the trial of the cause the jury returned the following verdict: "We, the jury, find for the plaintiff against the Arkansas Democrat, and assess his damages at $500.00." The verdict, signed by the foreman, made no reference whatever to Crutchfield, but a judgment was spread upon the records of the court by the clerk thereof on the day the verdict was returned by the jury, exonerating the defendant, Crutchfield.

On the following day there was filed a "Motion of Defendant, Arkansas Democrat Company, to set aside judgment against it and enter judgment in its favor," and on the same day on which this motion was filed the court made an order setting this judgment aside. In this order, the presiding judge made the finding that at the time of the return of the verdict it was his conception of the law that the master could not be and was not liable unless the servant was also liable. This order contains the further recital that "The court finds that the clerk inadvertently entered judgment against defendant, Arkansas Democrat Company, and a judgment in favor of the defendant, W. T. Crutchfield, and the court finds that

the entry of said judgment was premature and inadvertently done, and should be set aside, which is accordingly done." It was then ordered that the cause of action be dismissed as against both defendants. A motion for a new trial was thereafter filed by plaintiff in which this action of and order by the court is questioned.

In the case of *Mississippi River Fuel Corporation* v. *Senn,* 184 Ark. 554, 43 S. W. (2d) 255, we quoted with approval the following statement of the law appearing in the case of *Patterson* v. *Risher,* 143 Ark. 376, 221 S. W. 468: " 'Where a recovery is sought in an action against a principal and his agent based upon the act or omission of the agent which the principal did not direct and in which he did not participate and for which his responsibility is simply that cast upon him by law by reason of his relationship to the agent, a judgment in favor of and exonerating the agent generally *ex proprio vigore* relieves the principal of responsibility and may be availed of by the principal for that purpose."

While this statement of the law was recognized as being correct in the Senn case, *supra,* it was there said that it could not be applied in all cases, and it was not there applied. In that case the master, a corporation, was held liable to the injured servant, whereas the fellow-servant, whose negligence had occasioned the injury, was exonerated by the verdict of the jury. This was held not to be beyond the power of the jury, for the reason that, while the contributory negligence of the injured servant would constitute a complete defense to the suit against the fellow-servant, such would not be true of the suit as against the master, for the reason that the doctrine of comparative negligence applied as against the master, if a corporation, and that while the injured servant might not recover against his fellow-servant, if his own negligence contributed to his injury, such negligence would not defeat a recovery against the master, but would operate only to reduce the recovery in proportion to the amount of negligence attributable to the injured employee. Section 7145, Crawford & Moses' Digest. For the reason just stated the verdict and the judgment thereon in the Senn case, *supra,* was affirmed although a

verdict had been returned in favor of the servant whose negligence had been the proximate cause of the injury.

It is not contended in the instant case that there was either allegation or proof to defeat the operation of the rule announced in the Risher case, *supra*. The insistence is that there has been no exoneration of Crutchfield, the servant; that the verdict being silent as to Crutchfield the case stands as if he had not been sued, inasmuch as the defendant corporation did not ask that the jury make finding and return as to Crutchfield's liability.

The cases cited by opposing counsel do not appear to be harmonious on this subject; but we do not review them for the reason that this case may be, and we think should be, disposed of upon another ground later to be herein discussed.

Counsel for appellant insist that inasmuch as a judgment had been entered upon the verdict the court thereafter had the jurisdiction only to grant a new trial, and did not have jurisdiction to enter judgment *non obstante veredicto* after having entered judgment on the verdict. The case of *Oil Fields Corporation* v. *Cubage*, 180 Ark. 1018, 24 S. W. (2d) 328, is cited in support of that contention. But there is a very material, and we think controlling, distinction between that case and this. There, as the opinion recites, a final judgment had been entered, evidently under the direction or with the approval of the court. The opinion there recites that "After the verdict was returned and judgment entered upon it, appellant filed a motion for judgment in its favor against appellees, notwithstanding the verdict." That relief was denied, and the appeal was from that order. There a final judgment had been rendered and entered of record. Not so here. The court in the instant case reserved the question whether judgment should be pronounced upon the verdict, and made the express finding "that the entry of said judgment was premature and inadvertently done and should be set aside." There was, therefore, no judgment here.

The clerk is not the keeper of the conscience of the court, nor is it his province to say what action the court should take in a particular case. It is his function to

make a record of what the court orders and adjudges. The statute provides that "The judgment must be entered on the order book and specify clearly the relief granted or other determination of the action." Section 6276, Crawford & Moses' Digest. It is not contended that the presiding judge made any order on his docket or elsewhere which directed the clerk to spread the judgment upon the records of the court. Section 2100, Crawford & Moses' Digest, reads as follows: "Full entries of the orders and proceedings of all courts of record of each day shall be read in open court on the morning of the succeeding day, except on the last day of the term, when the minutes shall be read and signed at the rising of the court."

This section was held to be directory in the case of *Fernwood Mining Co.* v. *Pluna,* 136 Ark. 107, 205 S. W. 822, in that judgments entered of record would not be void because of the failure of the presiding judge to sign the record. But it does contemplate that the judgments entered do not become the pronouncements of the court until they have been approved by the court. Otherwise, why read them to the court? It is a matter of common knowledge that some judges permit the clerks of their courts to enter judgments, which are subject to their approval, while other judges require the submission of precedents for approval before their entry. But in any event and in all cases it is the presiding judge, and not the clerk, who determines whether any judgment has been rendered, and what that judgment was.

There is no uncertainty as to what happened here. The court found that he had rendered no judgment, but had reserved judgment, and that the action of the clerk in anticipating what that judgment would be was premature, and that the entry of the anticipated judgment was an inadvertence of the clerk. There would appear to be no question about the judge having this power if we accord him control of his own action, free from the supervision of the clerk of his court. If it were true that the judgment entered by the clerk had passed beyond the control of the court, then it is true also that it was adjudged that there was no liability on the part of

Crutchfield to the plaintiff, for such is the recital of the judgment, and the doctrine of the Risher case, *supra,* would apply.

It is not questioned that the court had power to grant a new trial; but it is insisted that he could grant no other relief and that he had lost jurisdiction to render judgment for the defendant corporation notwithstanding the verdict.

But that view does not comport with § 6272, Crawford & Moses' Digest: "Where the verdict is special, or where there has been a special finding on particular questions of fact, or where the court has ordered the case to be reserved, it shall order what judgment shall be entered."

This section appears under the 6th subdivision of the chapter on Judgments and Decrees in Crawford & Moses' Digest, under the subhead: *"Upon the verdict of a jury."* It directs the action of the court under the conditions there stated where the trial had proceeded to a verdict.

Here a verdict was returned which did not mention the name of one of the defendants who had been sued, had answered and had testified in the case. The third condition to which this section has application is "where the court has ordered the case to be reserved." The court's order recites that judgment had been reserved. If so, what shall or may the presiding judge then do? Unquestionably, he may grant a new trial, but the statute does not limit his jurisdiction to granting that relief. On the contrary, it provides that the judge "shall order what judgment shall be entered." The judge exercised that power and performed that function by ordering a judgment to be entered in favor of both defendants. He may have done this erroneously. The plaintiff may have made a case which should have been submitted to the jury, but the court had the jurisdiction to determine whether he had done so.

In the case of *Scharff Distilling Co.* v. *Dennis,* 113 Ark. 221, 168 S. W. 141, a verdict was returned in favor of the plaintiff, which the court set aside, and thereafter entered judgment for the defendant, from which action

an appeal was taken to this court. In the opinion upon the appeal before us it was said that "The ruling of the trial court, however, in not entering a judgment in accordance with the verdict and in setting aside the verdict, was tantamount to reserving the cause for future consideration under the provision of § 6242 of Kirby's Digest." This section, hereinabove quoted, is § 6276 of Crawford & Moses' Digest. It was not there determined whether this section of the statute authorized the entry of a judgment *non obstante veredicto,* that question being reserved, it being there said: "We need not determine whether the court, under the latter section, would be authorized to enter a judgment *non obstanto veredicto,* for if there could be any warrant for such a judgment, not based solely upon matters appearing in the pleadings or as disclosed by the record proper, the testimony justifying such verdict would have to be undisputed so that the court might declare as a matter of law that the party in whose favor the judgment was entered was entitled to it, notwithstanding the verdict in favor of the other party." But the testimony in that case was not undisputed, and for that reason it was held improper to direct a verdict in favor of the party against whom a verdict had been rendered by the jury.

The distinction between that case and this is that there a bill of exceptions was filed, from which it appeared that the testimony was not undisputed. Here no bill of exceptions was filed, and in its absence we must presume that the testimony, or the lack of it, warranted the court in declaring, as a matter of law, that the plaintiff was not entitled to recover judgment against either defendant.

The question there reserved is now decided, and we hold that after a verdict has been returned, but before the entry of judgment thereon, the court has the jurisdiction to determine whether judgment shall be entered, and, if so, what judgment, and if it be found by the court before the entry of judgment that no testimony has been offered to sustain the verdict, and that no cause of action has been shown to exist, the court has the jurisdiction to so declare and to direct the judgment which shall be

entered. If it is thought that the court has acted erroneously a bill of exceptions should be filed, which would afford us on the appeal the opportunity to pass upon the question whether, under the testimony, a verdict should have been directed in favor of the party for whom judgment was rendered.

It is and should be the settled policy of the courts to end litigation as soon as may be, and the jurisdiction of the court to direct a verdict against a litigant who does not offer testimony sufficient to support his cause of action is well established and its exercise has been many times approved.

There is no bill of exceptions in the case, and in its absence it will be conclusively presumed that the testimony, or the lack of it, supported the action of the court. This is an elementary rule of practice, announced in innumerable cases. One of the principal purposes of a bill of exceptions is to bring upon the record the testimony in the case, and we cannot say that the trial court misconceived the effect of the testimony where it has not been preserved. If, therefore, the trial court was of opinion that there was no testimony to support a verdict against either defendant, it was the duty of the court to so direct the jury. The practice in this respect is equally as well settled. This, it must be presumed, is what the court, in legal effect, did. If there was no testimony upon which the servant could be held liable, the court had the jurisdiction to find, both as a matter of fact and as a matter of law, that the master was not liable, inasmuch as there is no liability asserted in this case except that growing out of the rule of *respondeat superior,* and there is no question of comparative negligence in the case. There being no bill of exceptions, we have before us the question only of the jurisdiction of the court to enter the judgment appealed from. We think the court had that jurisdiction, and the judgment is, therefore, affirmed.

MEHAFFY and BUTLER, JJ., dissent.

MEHAFFY, J. (dissenting). Mr. Justice Butler and the writer agree that the lower court had a right to set aside the verdict and grant a new trial, but we do not agree with the majority in holding that the judge had a

right to constitute himself the trier of the facts and enter judgment against the plaintiff.

The majority opinion, in the first place, is based on the idea that the jury found that the employee was not guilty of negligence. The jury did not find any such thing. The jury returned a verdict against the Democrat Company without mentioning Crutchfield, the employee. How anybody can say this was a finding by the jury, that Crutchfield was not guilty of negligence, I am unable to see. The jury could not have found against the Democrat Company without finding that Crutchfield was guilty of negligence. There would be just as much reason in holding that, since the verdict against the Democrat Company was necessarily a finding that Crutchfield was guilty of negligence, in approving the verdict against the Democrat Company and entering judgment thereon, and entering judgment against Crutchfield because the verdict of the jury had necessarily found that he was guilty of negligence, as there would be to hold that the verdict in favor of Crutchfield exonerated the master, even if there had been a verdict in favor of Crutchfield.

The entire argument of the majority is based upon the erroneous theory that there was a verdict in favor of Crutchfield.

The majority opinion calls attention first to the case of *Mississippi River Fuel Corporation* v. *Senn,* 184 Ark. 554, 45 S. W. (2d) 255, and states that we quoted with approval a statement of the law appearing in *Patterson* v. *Risher,* 143 Ark. 376, 221 S. W. 468, as follows: "Where a recovery is sought in an action against a principal and his agent based upon the act or omission of the agent which the principal did not direct and in which he did not participate and for which his responsibility is simply that cast upon him by law by reason of his relationship to the agent, a judgment in favor of and exonerating the agent generally *ex proprio vigore* relieves the principal of responsibility and may be availed of by the principal for that purpose."

That statement of the law, in *Patterson* v. *Risher,* is a quotation from the syllabus in the case of *Bradley* v. *Rosenthal,* 154 Cal. 420, 97 Pac. 875, 129 Am. St. Rep. 171. In the California case, the jury returned a verdict in favor of the servant. The court said that the principal could be no more guilty by reason of the act of his agent, than if he had committed the act in person, and the party who was alone charged to have committed the act in person, was conclusively adjudged not guilty.

Finding that the servant or agent is not guilty is a very different thing from failure of the jury to act at all as to the negligence of the servant, as was done in this case. The California court did not hold that a verdict against the master, without finding as to the servant at all, was a finding in favor of the servant, and exonerated the master.

We have never held, until the opinion in this case, that failure to find a verdict either for or against the servant exonerated the master, and I know of no court that has so held. Such holding, in my judgment, is contrary to reason, is not supported by authority, and cannot be justified.

The majority opinion says: "It is not contended in the instant case that there was either allegation or proof to defeat the operation of the rule announced in the Risher case, *supra*."

The rule announced in the Risher case was based *on the verdict of the jury exonerating the servant.* The majority opinion says that it does not review the authorities cited by opposing counsel because this case should be disposed of upon another ground. It said that the trial court found that he had reserved judgment, and the act of the clerk was premature in entering judgment. That may be true, and it may be that no judgment should have been rendered, but that is not the question in this case.

It is also said in the majority opinion that it is not questioned that the court had power to grant a new trial, but it is insisted that he could grant no other relief, and the majority opinion adds: "But that view does not

comport with § 6272 of Crawford & Moses' Digest." That section of the digest reads: "Where the verdict is special, or where there has been a special finding on a particular question of fact, or where the court has ordered the case to be reserved, it shall order what judgment shall be rendered."

Certainly the majority does not think that this section would abrogate the Constitution and authorize the court to find on the facts and enter judgment according to his findings.

The section following the one just quoted, reads: "Where upon the statements in the pleading, one party is entitled by law to judgment in his favor, judgment shall be so entered by the court, though a verdict has been found against such party." Section 6273, Crawford & Moses' Digest.

That clearly indicates that the judge has no authority to enter a judgment notwithstanding the verdict in any case except where the pleadings themselves show conclusively that one of the parties is entitled to judgment as a matter of law.

Section 6272 of Crawford & Moses' Digest quoted by the majority, in my opinion, has no more application here than the multiplication table.

The court, in the instant case, did not order the case to be reserved. The trial court stated: 'There was no verdict against the defendant, W. T. Crutchfield, and it appearing to the Court from the allegations of the complaint and the testimony introduced in the case, that the relation between the Arkansas Democrat Company and W. T. Crutchfield was that of master and servant, and that the Arkansas Democrat Company was liable for the acts of the said W. T. Crutchfield, because he was acting in a representative capacity for the Arkansas Democrat Company, the court finds there can be no recovery from the Arkansas Democrat Company independent of recovery from the defendant, W. T. Crutchfield, and, disregarding the verdict of the jury,

"It is considered, ordered and adjudged by the court that the plaintiff, Mrs. Fannette Stanton, as mother and

next friend of Arthur Stanton, a minor, recover nothing from either the defendant, Arkansas Democrat Company, or the defendant, W. T. Crutchfield upon her complaint herein.''

The court says there can be no recovery from the Arkansas Democrat independent of recovery from the defendant, Crutchfield. Of course, this statement is erroneous, because suit might have been prosecuted against the Democrat Company alone, and judgment have been obtained. In this case, however, the servant or agent was made a party, and the jury, for some reason that does not appear, failed to return a verdict in the Crutchfield case. The court should have sent the jury back with instructions to find a verdict as to Crutchfield.

The majority opinion then discusses the case of *Scharff Distilling Co.* v. *Dennis,* 113 Ark. 221, 168 S. W. 141, but there is no way to get around that opinion. In that case there was a judgment in favor of the plaintiff. The court said, ''if there could be any warrant for such a judgment, not based solely upon matters appearing in the pleading or as disclosed by the record proper, the testimony justifying such verdict would have to be undisputed so that the court might declare as matter of law that the party in whose favor the judgment was entered was entitled to it, notwithstanding the verdict in favor of the other party.'' The court further said: ''Therefore, without deciding whether a judgment *non obstante veredicto* could be entered upon undisputed evidence, it suffices to say that the evidence developed at the trial of this cause is not uncontradicted and did not justify the court in declaring as matter of law that the appellee was entitled to recover.'' This opinion expresses very great doubt as to whether a judgment notwithstanding the verdict can ever be granted except on matters appearing in the pleadings and record.

The majority opinion says that the distinction between the above case and the instant case is that a bill of exceptions was filed in the above case, and none was filed in this case. No bill of exceptions was necessary. The trial judge made it clear that it was his opinion that

there could be no verdict against the Democrat Company where there was none against Crutchfield, and for that reason alone set aside the judgment, and entered judgment in favor of the Democrat Company.

No one who reads the statement of the court in this case can have any doubt that the court granted judgment against the plaintiff in favor of the Democrat Company solely on the ground that there was no verdict returned against Crutchfield.

In a Montana case, the verdict of the jury was silent as to the employee, but found against the employer. The court said: "The conclusions reached by jurors are some-time inexplicable. Often they arbitrarily find against one party and in favor of another without any apparent reason; but if the evidence justifies the verdict as to the party held, there is no reason why it should not be good as to him, notwithstanding there is no finding as to the other. The failure of the jury to find as to Wallace should be regarded as no finding upon the issues as to him at all. So, here, McPherson has not been acquitted of negligence, but the case as to him stands as though it had not been tried. This being true, it also follows that the failure of the jury to find as to McPherson cannot be seriously considered in the light of an irregularity in the proceedings, by which the Raven Company was prevented from having a fair trial. Even if it was an irregularity in the sense of the statute on new trials, we do not see how the company was prejudiced by it; the company still has whatever right of action it ever had against McPherson. It never did have any absolute right to his presence as a defendant in this particular case. That was optional with the plaintiff." *Melzner* v. *Raven Copper Co.*, 47 Mont. 351, 132 Pac. 552.

In a case decided by the Supreme Court of Appeals of Virginia, there was no finding against the servant, but a finding against the master, and the court said, after stating the facts:

"Such being the situation, it seems plain that the verdict cannot be properly construed as finding that the servant clerk was not guilty of negligence. Hence the

rule in question can have no application to the instant case.

"For the reasons above indicated, we are of opinion that the trial court erred in setting aside the aforesaid verdict against the defendant partners and in dismissing the case without executing the writ of inquiry as against the defendant servant; and the case will be reversed and final judgment will, under the statute (Code, § 6365), be rendered for the plaintiff against the defendants, Shannon & Florence, for $5,000, the amount of the verdict, with interest thereon from the 10th day of February, 1922 (the date of the verdict), until paid, and costs in the trial court and in this court, as the facts were fully developed on the trial which has been had, and are thus such before us as to enable us to attain the end of justice by rendering such final judgment." *Dalby* v. *Shannon & Florence,* 124 S. E. 186.

"Although there was no verdict against the motorman, it is not seen how it can be successfully contended that he was not guilty of negligence in running his car into the car on which the plaintiff was riding. If the company had been sued alone, the jury would have been warranted in finding the company guilty of negligence, and in returning a verdict in favor of the plaintiff on that finding. The fact that the jury failed to return a verdict as to the defendant motorman is no reason why a verdict against the company, based on a finding of the jury that the motorman was guilty of negligence, should not stand. The failure of the jury to return a verdict against the motorman cannot be used as a reason for setting aside the judgment rendered against the railroad company." *Whitesell* v. *Joplin & P. Ry. Co.,* 115 Kan. 53, 222 Pac. 133.

A judgment notwithstanding the verdict must be based solely upon matters appearing in the record. It cannot be granted except on the face of the pleadings. 33 C. J. 1183. The proper remedy for a wrong or mistaken verdict is by motion for a new trial, and not by motion for a judgment notwithstanding the verdict. 33 C. J. 1184.

Certainly this minor who was injured, had a right to a trial by jury, and should not be deprived of that right because the jury failed to find any verdict as to the servant. The court probably should have sent the jury back with instructions to find a verdict as to Crutchfield, but he certainly had no authority under the law to direct a verdict against the plaintiff. No case decided by this court can be found, except the majority opinion in this case, that justifies such a holding, and I have been unable to find any case in other courts that would justify the conclusion reached by the majority in this case.

The plaintiff had a right to sue the master without making the servant a party, and if he had done so, judgment against the master would have been sustained. The plaintiff could, at any time, have dismissed or taken a nonsuit as to Crutchfield, and proceeded against the Democrat Company, and certainly when there was no verdict at all by the jury as to Crutchfield, there is no justification in holding that the master was exonerated.

I think the judgment should be reversed, and the cause remanded for a new trial. Mr. Justice BUTLER agrees with me in the conclusions reached.