WOLFORD v. LEGGETT, STATE BANK COMMISSIONER.

4-6546                                         157 S. W. 2d 196

Opinion delivered December 22, 1941.

*Dene H. Coleman,* for appellant.

*John L. Carter* and *Howard Cockrill,* for appellee.

HOLT, J. January 2, 1929, J. W. Williamson leased to the St. Claire Marble Company, a partnership composed of R. E. Overman and H. F. Wolford, land in Izard county, Arkansas. Lessees acquired the lease, which was for a long term, for the purpose of quarrying marble and the consideration was a certain royalty to be paid the lessor. Mrs. Eunice Wolford, appellant, is the wife of H. F. Wolford, one of the partners.

After acquiring the lease, the marble company executed its note to the American Exchange Trust Company of Little Rock to secure money to finance its operations. Thereafter this bank became insolvent and its assets were taken over by the Bank Commissioner. Suit was instituted on this note in 1933 by Marion Wasson, the then Bank Commissioner, against the partners, a receiver was appointed by the chancery court, but was discharged March 22, 1934, and the partners permitted to continue the operation of the business after agreeing to pay the Bank Commissioner twenty-five per cent. of their gross sales of marble, to be applied in payment of the note. The suit was continued, the court retaining jurisdiction of the cause for further action, and later the present Bank Commissioner, appellee, was substituted for the plaintiff, Wasson.

The partners continued to operate under the lease until sometime in October, 1940, when the lessor, Williamson, declared the lease forfeited for failure to pay royalty and shortly thereafter Williamson sold and transferred by warranty deed twenty acres of land on which the quarry was located, to appellant, Mrs. Eunice Wolford.

Following these acts of Williamson, appellee, Bank Commissioner, January 8, 1941, filed petition in the cause asking for a receiver, alleged that H. F. Wolford, one of the partners and husband of appellant, wrongfully.

permitted the forfeiture of the lease and that it was prejudicial to the interests of said partnership and to appellee, and prayed that title to the twenty-acre tract held by appellant, Mrs. Wolford, be deemed to be held in trust for the use and benefit of said partnership, that the court order the continued operation of the marble quarry on said land "and determine to whom royalty should be paid under the original lease". There was a further prayer that Mrs. Wolford and J. W. Williamson be made parties.

Upon being served with summons, Williamson and appellant, on May 1, 1941, filed separate motions to quash service of summons. The trial court overruled both motions, but later sustained the motion to quash summons as to Williamson and he passed out of the case.

Appellant, Mrs. Wolford, then filed demurrer in which, after preserving her right under her motion to quash service, she alleged as grounds therefor that she held title in fee to the twenty acres of land on which the marble quarry is located by virtue of J. W. Williamson's deed to her dated October 11, 1940; that appellee's petition seeks to divest her of title; that the land is located in Izard county, Arkansas, that the Pulaski chancery court is without jurisdiction; that the cause has been pending in the Pulaski chancery court since 1934 and she was not a party to the said suit; that no judgment has ever been rendered in said cause; that appellee has no cause of action against her and that she is not a proper party defendant.

Upon a hearing July 30, 1941, "the court being well and sufficiently advised as to all matters of law and fact finds (among other things):

"That H. F. Wolford allowed the lease on the quarry to forfeit for nonpayment of royalties and that the lessor, J. W. Williamson, declared same forfeited and transferred title to Mrs. H. F. Wolford; that said forfeiture as permitted by H. F. Wolford was wrongful and prejudicial to the interests of the partnership and the interests of the plaintiff; that the title to said prop-

erty now held by Mrs. Wolford should be deemed to be held subject to the original lease dated January 2, 1929.

"It is, therefore, considered, ordered, adjudged and decreed that the forfeiture of said lease be and the same is hereby set aside, canceled and held for naught, and that the title of Mrs. H. F. Wolford to twenty acres of said land included in said lease, under her warranty deed from J. W. Williamson, of date of October 11, 1940, be and the same is hereby declared to be held subject to the original lease dated January 2, 1929, and the said Mrs. H. F. Wolford is hereby enjoined and restrained from in any way interfering with the possession, control, management or operation of said lands and quarry by the said St. Claire Marble Company, its agent, representative or receiver."

From this decree appellant prosecutes this appeal.

For reversal appellant urges here that the. trial court was without jurisdiction, that the court's decree affects the title of appellant to the twenty acres of land and that a separate action should have been brought against her in Izard county where the land lies. We think these contentions are untenable for the reason that· appellant's title to the twenty acres is not disturbed by the court's decree, title to the property is still in her. The order of the court was "that the title to said property now held by Mrs. H. F. Wolford should be deemed subject to the original lease dated January 2, 1929."

The original action, which is still pending, was filed in 1934 against Wolford and Overman, the members of the partnership, to enforce the payment of a note which the partnership owed the bank. The principal asset out of which the note might be paid was the proceeds from the quarrying operations of the partnership. At the time Mrs. Wolford was made a party, this note had not been paid, this suit was still pending, and by reason of the sale of the property by Williamson to Mrs. Wolford, one of the partnership's principal assets was about to be diverted. As we have indicated, her title to the property was not an issue and we think it clear that she was properly made a party defendant, on the record before us, and that the court had jurisdiction.

The testimony before the chancellor, upon which decree was entered, has not been brought upon the record by a bill of exceptions and we must presume, in the absence of a bill of exceptions, that the finding of the chancellor that Wolford, one of the partners, had wrongfully permitted a forfeiture of the partnership lease and procured a transfer of the title to the quarry property to his wife, to be sustained by the evidence.

In *Stanton* v. *Arkansas Democrat Company,* 194 Ark. 135, 106 S. W. 2d 584, this court said: "There is no bill of exceptions, and in its absence it will be conclusively presumed that the testimony, or the lack of it, supported the action of the court. This is an elementary rule of practice, announced in innumerable cases. One of the principal purposes of a bill of exceptions is to bring upon the record the testimony in the case, and we cannot say that the trial court misconceived the effect of the testimony where it has not been preserved."

The court's order in 1934 returning the partnership business to the partners did not terminate the cause, but jurisdiction was retained by the court. The partners were in no sense released from the obligation to pay the debt evidenced by the note to the bank. Clearly the matters involved are but a continuation of this same cause, and the venue is in the Pulaski chancery court. The indebtedness and the partnership controversies are not new matters. The interest of the Bank Commissioner in this cause is to have the partnership assets retained and the quarry operated in order to discharge the debt sued on in 1934. This, he has the right to do.

On the whole case, finding no error, the decree is affirmed.