**Robert M. STERLING, Jr., Appellant,**

v.

**COMMERCIAL UNION INSURANCE COMPANY; Ron Johnson Detective Agency; Ron Johnson and Dick Archambeault, Appellees.**

No. 81–1536.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1982.

Decided March 30, 1982.

Rehearing Denied May 28, 1982.

Bill W. Bristow, Seay & Bristow, Jonesboro, Ark., for appellant.

Frierson, Walker, Snellgrove & Laser by G. D. Walker and Glenn Lovett, Jr., Jonesboro, Ark., for appellee, Commercial Union Ins. Co.

John M. Belew, Harkey, Walmsley, Belew & Blankenship, Batesville, Ark., for appellees.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

Robert M. Sterling appeals from an adverse judgment in his action against Commercial Union Insurance Company (Commercial Union) and two detectives (Ron Johnson and Dick Archambeault), alleging damages for slander and invasion of privacy. The court submitted the case to the jury, which returned a verdict exonerating the detectives and awarding $1,000 actual damages and $400,000 punitive damages against Commercial Union. Thereafter, the district court granted Commercial Union's motion for a judgment n. o. v., setting aside the award and dismissing the action. Sterling brought this appeal. We reverse and reinstate the award of actual damages only.

I. *Background.*

In March 1974, Robert Sterling, then a practicing lawyer, sustained injuries to his back when an elevator in the Chase Manhattan Bank Building in New York City fell some forty floors. He sued both the owner of the building and the manufacturer of the elevator, Otis Elevator Company, to recover for his injuries. Commercial Union insured Otis Elevator Company. Subsequently, in January 1977, Sterling moved to Fayetteville, Arkansas, where he became a faculty member at the University of Arkansas Law School.

In the fall of 1978, Commercial Union engaged Ron Johnson's detective agency in Little Rock, Arkansas, to conduct an investigation into Sterling's physical activities.

Johnson in turn hired Dick Archambeault to assist in this investigation. Commercial Union first directed Johnson to conduct an undercover investigation. Later, Dante Robustelli, the Commercial Union claims supervisor in charge of the investigation, told the detectives to investigate openly to obtain statements and witnesses for trial in New York.

Among other things, the detectives inquired into Sterling's alleged sexual activities. On September 20, 1978, Sterling wrote a letter to the New York State Insurance Commission, with a copy sent to the general counsel of Commercial Union, protesting this sort of investigation. Sterling attached to this letter affidavits of people questioned by the detectives. On October 18, 1978, Sterling wrote another letter of protest to the New York Insurance Commission with a copy to Commercial Union, after he received reports that the investigation and the inquiries into his sex life continued. Sterling received a response from the insurance commissioner only.

The record indicates that Robustelli knew of Sterling's complaint and that he had received a report from the detectives relating information concerning Sterling's sexual activities. Robustelli testified that Commercial Union had no interest in these activities. He further testified that he had some discussion with the detectives about the propriety of the investigation and that they indicated that the investigation was proper.

In September 1979, Sterling instituted this action alleging that Commercial Union and the detectives jointly and severally had slandered him and invaded his privacy. After the jury returned its verdict exonerating the detectives and holding Commercial Union liable, Commercial Union moved for judgment n. o. v. on the theory that exoneration of the agents exonerated the principal. The district court in an unreported opinion discussed the applicable Arkansas law:

If Commercial Union's alleged culpability were based solely upon the actions of Johnson and Archambeault, then the jury's exoneration of the latter two defendants would require the entry of a judgment notwithstanding the verdict in favor of Commercial Union. *Elmore v. Dillard*, 227 Ark. 260, 298 S.W.2d 338 (1957); *Porter-DeWitt Construction Co. v. Danley*, 221 Ark. 813, 256 S.W.2d 540 (1953); *Stanton v. Arkansas Democrat Co.*, 194 Ark. 135, 106 S.W.2d 584 (1937). The age-old rule, as quoted in the latter two cases cited, is that,

"Where a recovery is sought in an action against a principal and his agent, based upon the act or omission of the agent which the principal did not direct and in which he did not participate, and for which his responsibility is simply that cast upon him by law by reason of his relationship to his agent, a judgment in favor of and exonerating the agent generally *ex proprio vigore* relieves the principal of responsibility, and may be availed of by the principal for that purpose." *Patterson v. Risher*, 143 Ark. 376, 221 S.W. 468, 470, quoted in *Porter-DeWitt Construction Co. v. Danley, supra*, 256 S.W.2d at 543, and in *Stanton v. Arkansas Democrat Co., supra*, 106 S.W.2d at 585, 586.

The court in *Porter-DeWitt* stated further that,

"Where the relation of the parties is such that an issue found for one defendant 'necessarily inures to the benefit of his co-defendant, as where a defendant's culpability is the sole predicate for his co-defendant's liability, judgment cannot be entered for the former and against the latter.'" 256 S.W.2d at 543.

[*Sterling v. Commercial Union Insurance Co.*, No. J–C–79–125, slip op. at 2–3 (E.D. Ark.1981).]

The district court then determined that Commercial Union was entitled to a judgment n. o. v. because the evidence established that Commercial Union had not directed the detectives' investigation of Sterling. In addition, the court reasoned that Commercial Union's failure to act, upon learning of the detectives' inquiries into

Sterling's sexual activities, could not provide the basis for its independent liability because that liability necessarily depended on the conduct of the detectives.

## II. *Discussion.*

On this appeal, Sterling does not dispute the trial court's statement of Arkansas law. He maintains, however, that under Arkansas law the independent actionable conduct of Commercial Union justifies a jury verdict against it even though the jury exonerated the detectives. *See Chicago Rock Island & Pacific Railroad Co. v. Davis*, 239 Ark. 1059, 397 S.W.2d 360 (1965). Specifically, he asserts that Commercial Union's failure to take corrective action to curb the investigation into Sterling's sexual activities after it received notice of such investigation constituted an independent basis for liability.

 This court applies the same standard as the trial court in testing the propriety of a judgment n. o. v. *Schneider v. Chrysler Motors Corp.*, 401 F.2d 549, 555 (8th Cir. 1968). Under both federal and Arkansas law a judgment n. o. v. is proper if no substantial evidence supports the verdict. *Id.; Satterfield v. Rebsamen Ford, Inc.*, 253 Ark. 181, 485 S.W.2d 192, 195 (1972). In reviewing the evidence, the prevailing party receives the benefit of all reasonable inferences that can be drawn from the evidence. *Singer Co. v. E. I. duPont de Nemours & Co.*, 579 F.2d 433, 440 (8th Cir. 1978). Moreover, in reviewing apparently inconsistent verdicts, this court must attempt to reconcile them if at all possible. *See Wagner v. International Harvester Co.*, 611 F.2d 224, 229 n.5 (8th Cir. 1979); *Parsons v. Doctors for Emergency Services*, 81 F.R.D. 660, 663 (D.Del.1979).

 In ruling on the motion for judgment n. o. v., the trial court made the following observation regarding the independent culpable conduct of Commercial Union:

Commercial Union received notice that Mr. Sterling had complained about the tactics allegedly being utilized by the two detectives. After being notified of the plaintiff's objections to the investigation, Mr. Robustelli did contact the detectives in an attempt to determine whether the allegations which had been made by Mr. Sterling were true. Upon being positively informed that the investigation was being conducted in a reasonable and proper manner, Mr. Robustelli made no further inquiry because he assumed that it was not necessary. It is difficult for the Court to conceive of the jury considering this as negligence, but perhaps it might have found that Commercial Union was, nevertheless, negligent in not making a more detailed inquiry concerning the propriety of the detectives' activities. [*Sterling v. Commercial Union Insurance Co., supra*, slip op. at 4–5.]

The court nevertheless concluded that it would be illogical to hold Commercial Union liable for its negligence because its liability was predicated on the conduct of the detectives whom the jury had exonerated. We disagree with this conclusion.

Neither the district court nor this court knows why the jury exonerated the detectives and yet found Commercial Union liable. From our reading of the record, the jury may well have determined that the detectives' investigation amounted to a reasonable inquiry into Sterling's physical condition, but that Commercial Union had acted unreasonably in permitting their investigation to continue.[1]

The evidence indicates that Commercial Union became aware of the detectives' inquiry into Sterling's sexual activities through Sterling's letters of protest. Robustelli admitted that inquiry into these activities was of no concern to Commercial Union. Yet, upon learning of the direction

---

1. The court gave the following instruction concerning the reasonableness of the investigation:

 One who files a claim for damages for personal injuries waives his rights of privacy to the extent of a reasonable investigation.

 Whether the investigation of the plaintiff was reasonable shall be determined by you [the jury] under the circumstances of the facts found by you to have occurred herein.

that the investigation had taken, Commercial Union made only a minimal effort to determine whether the detectives had inquired into areas that Commercial Union knew bore little relationship to Sterling's disability claim. In addition, Commercial Union failed to notify the detectives that Sterling's sexual activity was not relevant to its investigation of Sterling. Because Commercial Union did not take steps to curb this unnecessary inquiry, the jury may have concluded that Commercial Union's role in the investigation was unreasonable. Thus, under this view of the evidence, the jury could have held Commercial Union solely responsible for Sterling's actual damages.

The record, however, does not contain sufficient evidence to support a jury finding that Commercial Union acted with the requisite express malice or ill will to justify an award of punitive damages. *See Luster v. Retail Credit Co.,* 575 F.2d 609, 618–19 (8th Cir. 1978) (applying Arkansas law); *Satterfield v. Rebsamen Ford, Inc., supra,* 253 Ark. 473, 485 S.W.2d at 195–96. As has been mentioned, Commercial Union made some inquiry to determine whether the detectives were conducting a proper investigation after receiving notice of Sterling's complaint. While Commercial Union may have been negligent in failing to make a more thorough inquiry concerning the activities of the detectives, this lapse does not rise to the level of malice required to support an award of punitive damages. Accordingly, we sustain that portion of the district court's judgment setting aside the award of punitive damages.

III. *Conclusion.*

Although we have reversed the sizeable punitive damage award against Commercial Union, a caveat is appropriate. In the usual injury case, such as this, little reason exists for a defendant or the defendant's liability insurance carrier to invade the claimant's privacy by investigating his or her sexual activity, merely because a claim has been made for damages. At best, such information would be only marginally rele-

vant to the claim, and when the information is based on hearsay, as in this case, it may not be admissible as evidence. Such an investigation, therefore, can often serve only to embarrass and harass the claimant.

The kind of an investigation undertaken by the detectives in this case relating to Sterling's sexual activity ought not to be encouraged or condoned. Had the jury found against the detectives as well as Commercial Union, an additional award of punitive damages may well have been justified and sustained. Under the circumstances here, however, we affirm in part, and reverse in part, with directions to enter judgment for plaintiff and against Commercial Union for actual damages in the amount of $1,000. Appellant is awarded costs on appeal.